### WILLIAM S. RUSSELL & al. vs. JOHN DOYLE.

The declarations of the payee of a note, who is not at the time the holder, and while it is actually held by another for value, are not admissible in evidence in a suit upon it against the maker by an indorsee.

THE action was submitted for the opinion of the Court upon an agreed statement of facts. The action was by the plaintiffs as endorsees of a note given by the defendant to *James Howard,* dated *February* 23, 1832; payable to him or order, in eight months, for $100. On *March* 31, 1832, *Howard* pledged the note to *Charles*

*Goodwin*, in whose possession it remained till *April* 15, 1834, at which time the note was taken from *Goodwin's* hands and passed to the plaintiffs, who were innocent purchasers of the note. In *March*, 1833, *Howard* said to the defendant, that he left the note with *Goodwin*, to keep him easy until the time he had agreed to work for *Goodwin* was out, he having left *Goodwin's* employment before his time was out ; that he had not indorsed the note and would not, and that the defendant had received no value for the note ; and that he would get the note and return it to the defendant. If the following testimony is admissible, the defendant objecting thereto, it is agreed, that *March* 15, 1834, *Howard* made an assignment of his property for the benefit of his creditors, in which this note was not mentioned, and the plaintiffs, to whom *Howard* was indebted in an amount much exceeding the note, received it of *Howard*, and discharged him from all their demands. It did not appear in any other way from the statement, how or when the note was actually indorsed. The statement concluded with the agreement, that if the declarations of *Howard* under these circumstances were admissible in evidence, the plaintiffs were to become nonsuit ; and if they were not, that the defendant should be defaulted.

The case was argued in writing by *Blake* for the plaintiffs, and by *Abbot* for the defendants.

*Blake* argued, that the declarations of *Howard* were not admissible.

1. Because at the time when they were made, whether the note was then indorsed or not, the beneficial interest in it was in *Goodwin*, and he had it in his possession. 4 *Barn. & Cr.* 325 ; 8 *Wend.* 490 ; *Hackett* v. *Martin*, 8 *Greenl.* 77.

2. Because that *Howard* could not be permitted to testify to any thing going to impeach the original validity of the note. Much less could his declarations be admitted for that purpose. *Churchill* v. *Suter*, 4 *Mass. R.* 156 ; 17 *Johns. R.* 176 ; *Butler* v. *Damon*, 15 *Mass. R.* 223 ; *Adams* v. *Carver*, 6 *Greenl*, 390 ; *Manning* v. *Wheatland*, 10 *Mass. R.* 502 ; 14 *Johns.* 270 ; *Houghton* v. *Page*, 1 *N. H. Rep.* 60.

3. The declarations are inadmissible, because if the facts can come from him, he should himself be called as a witness. His declarations are mere hearsay.

4. The declarations of *Howard* should be excluded as irrelevant, because they do not make out any defence to the note. 2 *Caines*, 247; *Bowers* v. *Hurd*, 10 *Mass. R.* 427.

*Abbott* contended, that where a note of hand is indorsed after it becomes due, the indorsee takes it upon the credit of the indorser, subject to any defence which might be set up to it, if the suit had been by the payee. 3 *T. R.* 80; *Thurston* v. *McKown*, 6 *Mass. R.* 428; *Tucker* v. *Smith*, 4 *Greenl.* 415. The acknowledgment by the indorser, that the defendant had received no value for the note, and would give it up to him, is admissible. *Hatch* v. *Dennis*, 1 *Fairf.* 244; *Shirley* v. *Todd*, 9 *Greenl.* 83. The declarations of a person, made while he is the owner of real estate, may be used against the person claiming title under him. 7 *Conn. R.* 319; 4 *Sergt. & R.* 174. The reason for the application of the principle to personal property is not less cogent. The true question is, whether *Howard* had *an interest* in the note at the time, not in whose hands it happened to be. The general property in the thing pledged, is in the pledger. *Story on Bailments*, 237. It is said, that the declarations of the payee are not admissible to show, that the maker had received no value for the note. That rule does not apply to notes negotiated after they become due. 4 *Sergt. & R.* 397; 1 *Conn. R.* 260. The declarations of *Howard* do not imply, that the note was originally without consideration. A party whose name is on a negotiable note is not from that cause excluded from proving a *failure* of consideration. *Parker* v. *Hanson*, 7 *Mass. R.* 470; 10 *Johns. R.* 231. The defendant is entitled to any defence he could have made to the note, if the suit had been brought by *Howard*, and is not compelled to make him a witness. *Hatch* v. *Dennis*, before cited; 1 *Barn. & Adol.* 89. Want of consideration is a good defence to a note. 7 *T. R.* 350; *Bliss* v. *Negus*, 8 *Mass. R.* 46; *Boutelle* v. *Cowdin*, 9 *Mass. R.* 254.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — The defence depends on the legal admissibility of the declarations of *James Howard*, the payee of the note. At the time of these declarations, he was not the holder of the note, which had been previously passed to *Charles Goodwin*. He held it as security for certain liabilities, in which he was involved

for *Howard*. *Goodwin* then held it for value, it may be equal to, or exceeding the amount of the note; but if it was to a less amount, he was a *bona fide* holder, for value. *Bayley on Bills*, 350. *Bosanquet & als.* v. *Dudman*, 1 *Stark. Rep.* 1; *Smith* v. *Hiscock & al.* 14 *Maine Rep.* 449. When the note was indorsed does not appear, except from the declarations of *Howard*, which are not competent proof of that fact, although it might be proved by his testimony.

None of the cases, to which we have been referred, have gone the length to determine, that the declarations of a party to a note, who is not at the time the holder, and while it is then actually held by another for value, can be received in defence. The declarations admitted in evidence, in *Shirley* v. *Todd*, 9 *Greenl.* 83, were made by the payee, while he was the holder of the bill. In *Hatch* v. *Dennis*, 1 *Fairf.* 244, the declarations of the payee held admissible, were made by him, while he held the note, it having been first proved, that it was indorsed, after it was due. In that case, *Parris J.*, who delivered the opinion of the Court, says, " the current of *English* decisions show the declaration of the payee, *while he held the instrument*, and adverse to his own interest, to be admissible as evidence in favor of the maker." And again he says, " a number of cases are to be found, both in the *American* and *English* reports, where the declarations or admissions of the payee of a negotiable note, made *while the note remained in his possession*, were received as evidence for the maker, in a suit against him by an indorsee, it having been first proved, that the note was indorsed after it became due." And the cases cited by him sustain the position.

It does not appear to us, either upon principle or authority, that declarations of this sort ought to be received in evidence, except such as come from a party when in possession of the instrument, and having a complete and entire control over it, as his property. In this case, the note was at the time fairly held by another for value, and it depended upon contingencies, whether the payee would again become the holder.

The purposes of justice do not require a further extension of the rule. It would be dangerous receiving such declarations, if at the time, any other person was the holder and interested in the instru-

ment. The opinion of the Court accordingly is, that the defence has not been sustained.

*Defendant defaulted.*