## John Smith *vs.* Joseph Hiscock *et al.*

If a promissory note has been indorsed and transferred, *bona fide,* before it fell due, the want of consideration is not an available defence against a subsequent holder, to whom it was passed by the indorsee, after it fell due.

And if the note was thus indorsed, as collateral security for a demand short of its nominal value, want of consideration furnishes no valid defence.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

*Assumpsit* by the plaintiff, as indorsee, against the defendant, as promissor of a note of hand given to one *Russ*, or order, and by him indorsed, dated *April* 16, 1833, for $833,33, payable in *Jan.* 1835, with interest after. In *September*, 1834, the note was indorsed and placed in the hands of *Bachelder*, a deputy sheriff, as security for a demand of about $500, in his hands against *Russ*. *Bachelder* was authorized by *Russ* to make sale of the note to pay the demand, if not otherwise paid. In *December*, 1834, *Bachelder* shew the note to the plaintiff, and informed him of the terms on which he held it, when the plaintiff said he would take it, and pay *Bachelder*, if *Russ* would take up a note held by the plaintiff against him of about $200. This conversation was communicated by *Bachelder* to *Russ*, who agreed that the plaintiff might take it on those terms. *Bachelder* told *Smith* what *Russ* had said, and he agreed to take the note. The arrangement was to be completed the first time *Russ* came that way. After the note became due, *Feb.* 21, 1835, *Bachelder* and *Russ* went to *Smith's* store, where the note was handed to *Russ*, who went to *Smith's* house with him. They soon returned, and *Russ* paid *Bachelder* the amount of the demand in his hands. The defendants proved by an attorney, then their counsel, that in *December*, 1835, he informed the plaintiff, that the note was given for a void patent right, was without consideration, and was negotiated to him after it became due, and that the plaintiff did not deny this statement, but replied, that if the patent was not good, he could not recover in this action, and wished it to be continued, until another action in which that attorney was counsel, and in which the validity of the patent was to be determined, was ended. The plaintiff seasonably objected to the admission of this testimony, but the Judge overruled the objection. The defendants then offered to prove, that the note was without consideration, to which the plaintiff's counsel objected, but the objection was overruled. The verdict was for the defendants, and the plaintiff excepted.

The case was argued in writing.

*H. Belcher*, for the plaintiff, contended, that the defendants had no right to introduce evidence to show, that the note was without consideration, inasmuch as it was indorsed and thrown into the market before its maturity ; and that it was immaterial, whether the

plaintiff received the note after or before the note became payable, as it never became the property of the payee, after he first indorsed it. *Bayley on Bills,* 349. But the note was the property of the plaintiff before it fell due, as *Bachelder* held it as well for the plaintiff as for himself.

There is nothing in the case, which shows that either *Bachelder* or the plaintiff had any suspicion that the note was without consideration. What the plaintiff said to the counsel of the defendants, was immaterial and inadmissible, and cannot prejudice his rights.

*Wells,* for the defendants.

1. It was incumbent on the defendants to prove, that the note was negotiated after it became due, and also that it was without consideration, and it is immaterial, which is first proved. *Bridge* v. *Eggleston,* 14 *Mass. R.* 245; *Foster* v. *Hall,* 12 *Pick.* 89.

2. Here was evidence on both sides, and in such cases, the question was for the jury and not for the Court. *Perley* v. *Little,* 3 *Greenl.* 97; *Frothingham* v. *Dutton,* 2 *Greenl.* 255.

3. But if the Judge had decided, that the note was overdue when negotiated, he would have decided right. There was no sale of the note to the plaintiff until it was handed to him by the payee. The instruction of the Court was right, and if there be error, it is an error of the jury, for which exceptions will not lie.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — If the note, upon which this action was brought, being negotiable, had been indorsed *bona fide* before it was due, the want of consideration is not an available defence, against a subsequent holder, to whom it may have been passed, after it was due. *Bayley on Bills,* 349, and the cases there cited. The promise is good to the first indorsee, free from that objection, and the power of transferring it to others, with the same immunity, is incident to the legal right, which he had acquired in the instrument. By the first negotiation, the want of consideration, between the original parties, ceases as a valid ground of defence.

From the evidence in the case it appears, that the note was indorsed, *bona fide,* by *Russ,* the payee, to *Bachelder,* more than three months before it became due. He thereupon became the fair

holder for value. And his title was not the less valid because he held it as collateral security, upon a demand, short of its nominal value. *Bosanquet et als.* v. *Dudman,* 1 *Starkie's R.* 1. In that case the plaintiffs, who were bankers, held the bill then in suit, with others, as collateral security for acceptances for the party, of whom they received it, beyond his cash balance. The suit was against the acceptor, who had accepted it for the accommodation of the original parties. Lord *Ellenborough* would not permit the amount of the excess to be inquired into, ruling, that whenever the acceptances exceeded the cash balance, the plaintiffs held all the collateral bills for value. And the principle decided in that case, is incorporated by *Bayley* in his text. *Bayley,* 350.

The note in this case, passed from *Bachelder* to the plaintiff, through the hands of *Russ,* but *Bachelder* never parted with his interest in it, until he received from the plaintiff, through *Russ,* in pursuance of a previous understanding, the sum of five or six hundred dollars, for the security of which he held the note. The plaintiff then, received the note from *Bachelder,* through *Russ,* and is as much entitled, as *Bachelder* would have been, to repel the defence now set up. If the latter, sometime after the indorsement to him, became the agent of *Russ,* in regard to the excess, beyond what was wanted for his own security, *Russ* was his agent in passing the note to the plaintiff, and receiving from him the value, for which *Bachelder* held it. To the extent of his interest in the note, the latter, in his negotiations with the plaintiff, was acting for himself and not for *Russ ;* although *Russ* had an interest in having the note turned to the best advantage.

Pending this suit, the plaintiff was told, by the counsel for the defendant, that the note was given for a void patent, and therefore without consideration, and that this defence would be set up against the note, as it was negotiated to him, after it became due. This the plaintiff did not deny, but said he supposed he should fail in the action, if the patent proved bad. He did not contradict the counsel, upon a point of law, believing, no doubt, at the time, that such would be the legal result. His own counsel has since advised him, that his case is not quite so desperate. He was not informed at the time, and did not then know, that he would be protected, if the note had been negotiated, *bona fide,* for value, before it was due

to *Bachelder,* of whom he purchased it; and he ought not to be prejudiced by a supposition, intimated under a misapprehension of the law.

In our opinion, the evidence of a want of consideration, upon the case as it is presented, did not afford legal matter of defence against the plaintiff, and ought to have been rejected.   The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.