Hitchcock, J.
The exceptions to the record; in this case, will be considered in the order in which the errors are assigned; and, first, as to the summons :
The record shows, that a summons was issued under the seal of the Court of Common Pleas, in due form, and attested and signed, as follows: “ William P. Darst, Clerk of said Court, £ this 7th day of June, in the year of our Lord one thousand £ eight hundred and forty-two. George W. Jones, Dep’y Clk.” It is supposed by the counsel for plaintiffs in error, that this writ was void, because it does not purport to be signed by the clerk, but only by the deputy clerk. Formerly, all writs bore test in the name of the President Judge of the circuit, or, in case of a vacancy in that office, then in the name of the senior Associate Judge; but it was necessary that they should be signed by the clerk. By the act of April 1st, 1837, this law was changed, and it is provided, that writs shall “ bear test and be signed by the clerk of the court issuing the same.” Under this act, different modes of testing and signing writs, in different parts of the State, have been adopted. But, in the case before the Court, there is no pretence but that the writ is properly tested — the only objection is, that it is not signed by the clerk, and the question presented is, whether a writ bearing test in the name of the clerk, and signed by the deputy, is a void writ?
The act of February 17, 1831, “for the appointment of certain officers therein named,” (Swan’s Stat. 284,) provides: “ That the Clerks of the Supreme Court and Courts of Com-f mon Pleas may each appoint a deputy, to be approved by £ their respective courts.” It is further provided, that “ such £ deputy shall, previous to entering on the duties of his appoint-c ment, take an oath or affirmation to perform all the duties of £ his appointment, and, when so qualified, the deputy may do ‘ and perform all the duties appertaining to the office of his 1 principal.” Under this law, a practice has grown up in many parts of the State, for deputy clerks to sign writs, as was done *298 in the case now under consideration. It is one of the duties of clerks of courts to sign writs, and the act expressly provides, that the deputy “ may do and perform all the duties appertaining to the office of his principal.” Such being the provision of the statute, it is not surprising that such a practice should have been adopted. It would have been more technically correct to have signed, in this case, as follows: “ Wm. P. Darst, Clerk, by George W. Jones, Deputy Clerk.” But, as it is, the statute is literally complied with, and no injury is done. For. such cause, we should not feel ourselves justified in reversing a judgment. It may be supposed, that this opinion contravenes the decision of this Court in the case of Anderson v. Brown and others, 9 Ohio Rep. 151, but we think not. In that case it was held, that a deed upon a sale upon execution, in 1799, might .be .executed by a sheriff’s deputy, in the name of his principal, but that the acknowledgment of such deed, made by the deputy after the death of his principal, is void. In 1799, there was no written law of. the State authorizing a sheriff to appoint a deputy, but the Court held, that, by the common law, .such appointment might be made, but said that,' where delegated authority .is exercised, it must be exercised in the name of the principal. The deputy sheriff, in that case, was, in truth, the mere agent, the attorney in fact of the sheriff. But a deputy clerk, under the law of 1831, is, in effect, the officer of the Court. lie cannot be appointed without its approbation, and fakes the same oath of office which is administered to the clerk. Still we think, as .before said, that it would be more correct for him to sign process in the name of his principal, although we do not hold it to be indispensable.
The next error assigned is, that there was no service upon, one of the plaintiffs in error. If this be so, the judgment'must be reversed. The record shows, that ‘service was made “ by ‘ leaving a true copy of the summons at the residence of the ‘ party named.” The law authorizes service to be made by leaving a copy at “ the usual place of residence.” Now, if *299 there is any substantial difference between the “residence” of a person and his “ usual place of residence,” the service in this case may have been defective. But, not being able to perceive such difference, we cannot say there was no service. A case is cited where it is said that this Court held, that service by copy left at the house of a defendant, was not good. There is a material difference in the two cases. A man may have two or more houses, and may not reside in either of them. But he can hardly have two places of residence, or two residences at one and the same time.
It is next assigned for error, that the indorsement on the writ is, that the suit is brought upon a bill of exchange, whereas the declaration contains not only a count upon the bill of exchange, but, also, the common counts.
If there be any error in this, it is rather late to take advantage of it. The plaintiffs in error, having been served writh process, were, in contemplation of law, in court. The proceeding against them were regular, or, if not so, the time to take advantage of any irregularity was during the pendency of the suit. They neglected, however, to do it, but suffered judgment to go against them by default, thereby admitting the cause of action. Certainly, a default cures some informalities and irregularities. But this indorsement was well enough. It disclosed the cause of action, and it does not appear that there was any recovery, but for this cause of action. Certainly, an indorsement upon the writ need not be as specific as a bill of particulars.
There is no error in the record, and the judgment of the Court of Common Pleas must be affirmed, with costs.