JABEZ C. WOODMAN, JR. *versus* SILAS H. CHURCHILL.

If the first indorsee of a promissory note acquire a right of action as against the maker, by being a *bona fide* purchaser without notice and before maturity, he can transfer a good title as well after as before the note becomes due.

In the trial of an action on a negotiable promissory note indorsed in blank and before maturity, brought by a holder other than the first indorsee, which note is invalid between the original parties on the ground of fraud or want of consideration, it is erroneous for the presiding Judge to instruct the jury, that the burden of proof is on the plaintiff to show that he is a *bona fide* holder for value, and that he can show this by proving, by a preponderance of testimony, that he gave value, either by allowing it on a debt or otherwise, and that he took it in due course of business, and without any knowledge of fraud or defect, and unattended by any circumstances justly calculated to awaken suspicion.

Such ruling may be correct as applied to the first indorsee, but not to a subsequent holder, even though the latter knew of the original invalidity of the note, and took it after its maturity.

ON EXCEPTIONS from *Nisi Prius*, KENT, J., presiding. The facts sufficiently appear in the opinion of the Court.

*Jabez C. Woodman*, for the plaintiff.

*Vinton*, for the defendant.

The opinion of the Court was drawn by

APPLETON, J. — On Jan. 8, 1856, the defendant gave his note to George Knight or order, for the sum of two hundred and forty-six dollars, payable in two years from date, with annual interest. George Knight, long before the maturity of the note, indorsed the same to Isaac Knight, who, after it became due, transferred it to the plaintiff "without recourse."

The defence relied upon was that, as between the original parties, there was an entire failure of consideration, that Isaac Knight took the note with full notice of such failure, and that this defence was available against the plaintiff, as he purchased it when overdue.

It was to be determined, (1,) whether, as between the original parties to the note, there was or was not a failure of consideration; and, (2,) whether or not Isaac Knight was to be deemed a *bona fide* indorsee without notice.

In regard to both these inquiries, the instructions given are to be regarded as unobjectionable.

After giving instructions on these points, the Judge proceeded as follows,—" that there was also another principle, that the burden of proof was on the plaintiff to show that he is a *bona fide* holder for value, if the note is invalid on the above grounds between the original parties, and he can show that he is such *bona fide* holder, by proving, by a preponderance of testimony, that he gave value, either by allowing it on a debt or otherwise, and that he took it in due course of business, and without any knowledge of fraud or defect, and unattended by any circumstances justly calculated to awaken suspicion."

If the note was originally void for want of consideration, and Isaac Knight purchased it with notice of such fact, then the plaintiff, deriving his title from a *mala fide* indorsee after the maturity of the note, would not be entitled to recover.

But if Isaac Knight were a *bona fide* indorsee, then, notwithstanding there was a failure of consideration as between the original parties to the note, the rights of the plaintiff would be entirely different. In such case the note would be valid in his hands and he could recover. The title of Knight being perfect, he could transfer it. His indorsee would succeed to his rights, and, whether such indorsee knew of the original invalidity of the note from fraud in its inception, or from want of consideration, or whether he took it after its maturity or not, would be inquiries entirely immaterial. If the first indorsee acquires a right of action as against the maker, by being a *bona fide* purchaser without notice, before the maturity of the note, he could transfer such perfect title as well after as before the note was due.

The ruling may be correct as applied to the first indorsee. But he is not the plaintiff of record; and, as the exceptions stand, the ruling in terms applies to the plaintiff, who may have derived his title from a *bona fide* indorsee of the note before its maturity.

The instructions being in this respect erroneous, the exceptions must be sustained.          *Exceptions sustained.*

TENNEY, C. J., RICE, DAVIS and GOODENOW, JJ., concurred.