## WOOLLEN ET AL. *v.* VANKIRK ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—*Denial of Execution.*—A denial, under oath, of the execution of a promissory note payable in bank is a sufficient answer to a complaint thereon.

SAME.—*Defence.*—*Fraud.*—*Want of Consideration.*—*Sham Assignment.*—Fraud practised by the payee on the maker in procuring the execution of such note, a want of consideration, or that the assignment thereof was a sham, is no defence to an action thereon by an assignee thereof for value, before its maturity, and without notice of any defence, where such assignee is not alleged to have had notice thereof.

From the Ripley Circuit Court.

*W. D. Willson, T. E. Willson* and *W. W. Woollen, Jr.*, for appellants.

BIDDLE, J.—Suit by the appellants, against the appellees, on a promissory note, made by Robert Vankirk and William Williams, payable to James B. Drake, at the Citizens' National Bank, of Indianapolis, for five hundred dollars, six months after date, dated May 7th, 1872, with use, and without relief from valuation or appraisement laws, and endorsed to the appellants before due, without notice, and for a valuable consideration.

No question is made upon the sufficiency of the complaint.

Drake was served with process, and made default, upon which judgment was rendered against him.

The makers answered in six paragraphs, to each of which a demurrer, alleging the insufficiency of the facts averred, was overruled, and exceptions reserved.

Reply in denial.

Trial by jury, verdict for defendants, and judgment accordingly.

On appeal, the appellants have presented for our consideration the various questions of law and fact as they were reserved in the record.

The first paragraph of answer is a denial of the execu-

tion of the note, verified.   This is a good answer, and, of course, the demurrer to it was properly overruled.

The second paragraph of answer set up frauds committed by one Bryant, the agent of Drake, upon the makers of the note, in obtaining its execution.   The fraud is well pleaded, and doubtless would be a good defence to the note, as between the makers and the payee, or against the endorsees also, with notice of the fraud; but the complaint avers an endorsement of the note to appellants for a valuable consideration, before it became due, and without notice of any defence to it on behalf of the makers.   As this paragraph does not aver that the appellants had notice of the fraud against the makers—the note being commercial paper, governed by the law merchant—it is not a sufficient defence to the complaint.   The demurrer to it was improperly overruled.   *Hereth* v. *The Merchants' National Bank of Indianapolis*, 34 Ind. 380; *Strough* v. *Gear*, 48 Ind. 100; *Kimble* v. *Christie*, 55 Ind. 140.

The third paragraph of answer alleges fraud committed by the appellants and the payee of the note against the makers in obtaining its execution.   The fourth paragraph sets up fraud committed by the agent of the payee against the makers, and avers notice of the fraud to the appellants.   The fifth paragraph avers that the note was made without any consideration, of which the appellants had notice before endorsement.   The facts in these three paragraphs are well pleaded, and the demurrers to them were properly overruled.

The sixth paragraph of answer alleges, that the endorsement of the note by Drake to the appellants "is a sham endorsement, made for the purpose of convenient collection, and in the interests of Drake."   This paragraph, without showing a defence to the note against Drake, is insufficient, and the demurrer to it should have been sustained.

The following authorities support the decision in this

case: *Hunter* v. *McLaughlin*, 43 Ind. 38 ; *Kline* v. *Spahr*, 56 Ind. 296 ; *Murphy* v. *Lucas*, 58 Ind. 360 ; *Overshiner* v. *Wisehart*, 59 Ind. 135 ; *Cornell* v. *Nebeker*, 58 Ind. 425

The appellants do not discuss the alleged errors in giving and refusing to give certain instructions to the jury, and, for this reason, we do not consider them. Nor do we consider other alleged errors arising under the motion for a new trial. If any of them are well taken, this decision and the authorities herein cited will be a sufficient guide to avoid them on another trial.

The judgment is affirmed against Drake, and reversed as to the other appellees, at their costs, and the cause remanded, with instructions to sustain the demurrers to the second and sixth paragraphs of answer, and for further proceedings.