No. 7551.

## ZOOK ET AL. *v.* SIMONSON.

PROMISSORY NOTE.—*Payable in Bank.*—*Endorsement before Maturity.*— An indorsee of a negotiable promissory note, payable at a bank in this State, in good faith, before maturity and without notice, takes such note free from all equities and defences existing between the maker and the payee thereof.

SAME.—*Action by Endorsee against Maker.*—*Fraud.*—*Answer.*—*Pleading.*— In an action by the endorsee of such a promissory note against the maker, the answer, after stating matters which would constitute a complete defence to any action on the note by the payee, on account of the procurement thereof by fraud, alleged that the endorsee had knowledge of all such facts at the time such note was endorsed to him.

*Held*, on demurrer, that such endorsee took such note subject to all equities and defences existing between the maker and the payee thereof.

SAME.—*Failure of Consideration.*—*Fraud.*—*Evidence.*—*Burden of Proof.*— On the trial of such action, the maker of the note introduced evidence tending to impeach the consideration thereof, and to show the fraudulent manner in which the note had been procured from him as alleged, and then rested.

*Held*, that, upon such proof by the defendant, the burden rested upon the plaintiff to prove that he took such note in ignorance thereof, and that he was a *bona fide* holder for value.

INSTRUCTION.—As to instructions in a suit by the endorsee against the maker of a note governed by the law merchant, alleged to have been procured by fraud, see opinion.

PRACTICE.—*Evidence.*—*Order of Admission.*—*Discretion of Court.*—A party may introduce his evidence in the order he prefers, subject only to the discretion of the trial court; and, when such court has in its discretion allowed a party to introduce his evidence in the order in which he has offered it, or where the court has required the evidence in regard to some other alleged fact to be first introduced, the ruling in either case would not be available for the reversal of the judgment of such court.

From the Knox Circuit Court.

*S. W. Short*, for appellants.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack*, for appellee.

HOWK, J.—This was a suit by the appellants, against the appellee, upon a promissory note, of which the following is a copy :

Zook *et al.* *v.* Simonson.

"$112.00.        VIGO, IND., June 9th, 1876.

"One year after date, I promise to pay to Walker and Cornell, or order, one hundred and twelve dollars, negotiable and payable at the Vincennes National Bank, in Vincennes, Ind., for value received, without any relief whatever from val-uation or appraisement laws, with interest at the rate of ten per cent. per annum until paid. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

[Signed]        "JOHN SIMONSON."

In their complaint, the appellants alleged that the note was endorsed to them by the payees thereof, and that the note and interest remained due and wholly unpaid.

The appellee answered in three special or affirmative paragraphs, to each of which the appellants' demurrer, for the want of sufficient facts, was overruled by the court, and to these rulings they excepted. They then replied to appellee's answer by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellee, and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment on the verdict.

In this court the appellants have properly assigned as errors the decisions of the circuit court in overruling their demurrers to each of the paragraphs of appellee's answer, and their motion for a new trial.

In his argument of this cause, in this court, the appellants' counsel has complained chiefly of the decision of the court in overruling the demurrer to the second paragraph of appellee's answer; and, as this paragraph contains a fuller statement than either of the other paragraphs of answer, of the facts upon which the appellee relied as a defence to this action, we will give a summary of its allegations of fact in this connection. The appellee alleged, in substance, in the second paragraph of his answer, that the payees of the note

Zook *et al. v.* Simonson.

in suit procured the appellee to execute said note to them, by fraud and covin, in this, to wit : The said payees, at the time the note was executed, falsely and fraudulently represented to the appellee, that they, the said payees, were learned, experienced and skilled fruit growers, and skilled in the art and business of engrafting fruit-trees, and that, in consideration of the execution of the note in suit, they would engraft two thousand grafts of thrifty growth, and capable of bearing good and abundant fruit into appellee's apple-trees, on his farm in Knox county, Indiana ; that the appellee was wholly ignorant of the art and business of fruit growing and the grafting of trees, and, relying upon the representations of said payees and their promises so made to him, he did execute the said note to them, in pursuance of their said representations and agreement ; that thereupon the said payees engrafted five hundred worthless sprouts and twigs of apple-trees only into his said orchard, in such an unskilful and unworkmanlike manner, that the same would not and did not grow, but, on the contrary, greatly injured and damaged the appellee's orchard, and they were the only grafts put in by said payees ; that at the time the note in suit was executed, and at the time said trees were so engrafted, the said payees, instead of being skilled and experts in the art of engrafting apple-trees were wholly ignorant and unskilled in such business ; and that the appellants, at the time they procured the note in suit to be assigned to them, and at the time it was so assigned to them, had full knowledge of all the facts stated in said second paragraph of answer. Wherefore, etc.

Of this second paragraph of answer, the appellants' counsel says :   "It is clear, from the repeated decisions of this court, that the second paragraph is bad, unless the closing part of it, which alleges that the plaintiffs had knowledge of the matters precedently stated in said paragraph, at the time of the assignment of the note, makes it good.". Doubtless,

this may be regarded as a correct statement of the effect of
the decisions of this court, in relation to .notes payable at
a bank in this State, and negotiable as inland bills of ex-
change, in suits between the endorsees of such notes and
the makers thereof.   In such cases, the general rule in this
State is, that the endorsee of such a note before its maturity,
in good faith and without notice, will take and hold the note
freed from all equities and defences existing between the
maker and payee thereof.   *Murphy* v. *Lucas,* 58 Ind. 360 ;
*Bremmerman* v. *Jennings,* 61 Ind. 334 ; *Maxwell* v. *More-
hart,* 66 Ind. 301 ; and *McCoy* v. *Lockwood,* 71 Ind. 319.

In the case at bar, however, it was alleged in the paragraph
of answer now under consideration, after having stated mat-
ters which would have constituted a complete defence to
any action on the note by the payees thereof, that the ap-
pellants had full knowledge of all such matters, at the time
they procured the note to be assigned to them, and at the
time it was so assigned to them.   Under these allegations of
facts, which must be taken as true against the appellants, as
the question is now presented, we are of the opinion that they
took and hold the note sued upon, subject to all equities
and defences existing between the maker and the payee
thereof, and that the facts alleged in the second paragraph
of answer, therefore, were amply sufficient to withstand the
demurrer thereto.

The important and controlling questions in this cause, as
it seems to us, are properly presented for our decision by
and under the alleged error of the court, in overruling the
appellants' motion for a new trial.

On the trial of the cause, the record shows that the
appellants objected at the proper time to the introduc-
tion by the appellee of any evidence which tended to prove
the facts alleged in the second paragraph of answer, im-
peaching the consideration of the note in suit, upon the
ground that it had been fraudulently obtained from the

appellee by the payees thereof, until the appellee had first shown, as he had alleged in said paragraph of his answer, that the appellants had full knowledge of those facts·at the time they procured the note to be assigned to them, and at the time it was so assigned to them. But the court over-ruled the appellants' objections, and, over their exceptions, permitted the appellee to first introduce his evidence in relation to the consideration of the note sued upon, and the alleged fraudulent manner in which the note had been obtained from him by the payees. The decisions of the court, in overruling these objections, were assigned by the appellants as cause for a new trial, in their motion therefor, and they are complained of as erroneous, by their counsel, in his argument of this cause, in this court.

It seems to us that the appellants' objections can only be regarded as objections to the order in which the appellee proposed to introduce his evidence. As a general rule, a party may introduce his evidence in the order he may prefer, subject only to the discretion of the trial court. Where the court, in its discretion, has allowed a party to introduce his evidence in the order in which he has offered it, or where the court has required the evidence in regard to some other alleged fact to be first introduced, the ruling of the court in either case would not, we think, be an available error in favor of the party complaining thereof, for the reversal of the judgment below. *Ginn* v. *Collins*, 43 Ind. 271; *Heilman* v. *Shanklin*, 60 Ind. 424; and *Burns* v. *Harris*, 66 Ind. 536.

The record before us shows, that on the trial the appellee introduced the evidence of several witnesses in regard to the consideration of the note in suit, and the alleged fraudulent manner in which the note had been obtained from him by the payees thereof; and that he then rested, without having introduced any evidence tending to prove that the appellants had full knowledge of the consideration of the note,

and of the alleged fraudulent manner in which it had been obtained from appellee by the payees thereof, at the time they procured the note to be assigned to them, and at the time it was so assigned to them, or that they had accepted the assignment of said note after its maturity, as the appellee had alleged in the third paragraph of his answer. Thereupon the appellants gave in evidence the note in suit, with the endorsement in blank of the payees thereon, without date, and rested; and this was all the evidence given in the cause.

The court then, of its own motion, gave the jury the following instructions:

"1st. The plaintiff sues on a note alleged to have been executed by defendant to Walker & Cornell, payable at the Vincennes National Bank, Vincennes, Indiana, and endorsed to plaintiffs. The defendant, by his answer, admits the execution and endorsement of the note. This admission makes out the plaintiffs' side of the case and entitles them to a verdict for the full amount of note and interest, unless the defendant has satisfied you by a preponderance of the evidence, that the material allegations of the amended second paragraph of his answer, so far as the burden of proof rests upon him, are true.

"2d. The defendant, in said paragraph of answer, alleges, in substance, that Walker & Cornell made an agreement with defendant, by which they undertook to graft defendant's apple-trees with grafts that would grow and bear a good quality of fruit, and do the work in a skilful manner; that the grafting was done in an unskilful manner, to the injury of the trees, and with worthless grafts; that the note was given in consideration of said undertaking, and plaintiffs had knowledge of these facts when they took the assignment of the note.

"3d. It is not incumbent on the defendant to prove that the plaintiffs had knowledge, when the note was endorsed to them, of the other matters alleged in the said paragraph.

Upon proof of those matters, the burden of proof would rest on plaintiffs to show that they took the note in ignorance of the existence of those matters. The plaintiffs having offered no evidence on that point, it will be the duty of the jury to consider only whether there has been shown a failure of consideration, as alleged in said paragraph of the answer. If there has, then your verdict should be for defendant; if not, for the plaintiffs for amount of note and interest.

(Signed,) "N. F. MALOTT, Judge."

These instructions were duly excepted to by the appellants, at the time they were given. They were applicable to the case made by the evidence, and we think they contain a true and correct statement of the law governing this case. In *Vathir* v. *Zane*, 6 Grat. 246, the court said: "As a general rule, the endorsement of a negotiable note is of itself *prima facie* evidence that the endorsee has paid value for it. But * * where the payee has procured the note by fraud, this general presumption is rebutted, and the holder can not recover without proving that he has paid value." In *Rogers* v. *Morton*, 12 Wend. 484, a note had been given for a supposed balance on a settlement of accounts, which balance was shown to have been made up, in part, by a charge for a draft, of which the creditor had never been the holder. NELSON, J., said: "I am of opinion that the facts disclosed by the bill of exceptions were sufficient to throw the burden upon the plaintiffs, of showing that Gwathmey was a *bona fide* holder for value. A promissory note imports a valuable consideration upon its face, and possession is presumptive evidence of property rightfully acquired; but when the maker shows that it was obtained from him and put into circulation by force or fraud, all the above intendments of law are rebutted, and proof becomes necessary." In *Bailey* v. *Bidwell*, 13 M. & W. 73, PARKE, B., said: "It certainly has been, since the later cases, the universal understanding, that if the note were proved to have been obtained by fraud, or

affected by illegality, that afforded a presumption that the person who had been guilty of the illegality would dispose of it, and would place it in the hands of another person to sue upon it ; and that such proof casts upon the plaintiff the burden of showing that he was a *bona fide* indorsee 'for value.''

This doctrine was recognized, approved and acted upon by this court, in *Harbison* v. *The Bank of the State of Indiana*, 28 Ind. 133.    In that case, the Bank of the State, as the indorsee, had sued Harbison, as the drawer, of a bill of exchange, and had obtained a judgment.    On the trial of the cause, the appellant had asked the court to give the jury the following instruction : ''If the jury believe, from the evidence in this case, that W. G. Laughery, the acceptor of the bill of exchange in the complaint in this case mentioned, obtained the signature of the defendant James P. Harbison thereto, as drawer thereof, fraudulently and without any consideration, then the plaintiff can not recover in this action without showing that it is the *bona fide* holder of said bill of exchange, and that the bank paid a valuable consideration therefor ; and the mere production of the bill of exchange in court, and reading the same to the jury, and the possession thereof by the plaintiff, is not sufficient evidence that the bank paid a valuable consideration for the same ; and without such evidence, the plaintiff ought not to recover in this suit, and the jury should find for the defendant.''    This instruction had been refused below, and on appeal, in reference to the instruction, this court said : '' The evidence introduced under the issues made, required that this instruction should have been given to the jury, if it correctly stated the law, and we do not think its correctness can be seriously questioned.    *    *    *    The instruction should have been given.''

So far as we are advised, the doctrine of the case cited has never been doubted or questioned by this court.    The

opinion of the court is strongly supported by the numerous authorities cited therein, to which we refer without re-citing them. The case cited, we think, is directly in point, and is decisive of the case at bar. The appellee substantially alleged in this case, that the note in suit had been obtained from him by fraud and without consideration, and his evidence fairly sustained this allegation; and, upon this state of the case, we are of the opinion that the appellants could not recover, in the absence of any evidence tending to show that they were *bona fide* holders of the note, for a valuable consideration.

The court did not err, we think, in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.