The First National Bank of Huntington, Indiana, *v.* Ruhl *et al.*

Filed Feb. 25, 1890.

No. 13,481.

THE FIRST NATIONAL BANK OF HUNTINGTON, INDIANA, *v.* RUHL ET AL.

PROMISSORY NOTE.—*Fraud.—Answer Alleging —What Reply Must Show.*— To an action by the endorsee of a promissory note an answer showing that the note was obtained by fraud, without alleging notice to the plaintiff, states a *prima facie* defence, and the plaintiff in reply must show that he is a good-faith purchaser.

The First National Bank of Huntington, Indiana, *v.* Ruhl *et al.*

SAME.—*Want of Consideration.—Pleading.*—In such action a paragraph of answer pleading want of consideration is bad, unless it avers that the plaintiff is not a purchaser for value, and in good faith.

From the Allen Circuit Court.

*P. A. Randall* and *W. J. Vesey,* for appellant.

*J. Stratton,* for appellees.

ELLIOTT, J.—The appellant's complaint is founded on a promissory note, negotiable by the law merchant, of which the appellant is the holder by endorsement.

The appellant's counsel contend that the several answers of the appellee are insufficient, and thus state their position: " The point we make on these answers is, that they do not aver notice of the defence to the appellant at the time it purchased the note sued on, or any facts equivalent to such notice." Counsel also say: " We understand the rule of evidence to be that when the maker of a negotiable note, in a suit upon it, shows that it was procured by fraud, a presumption arises that the holder purchased with notice of the defence, and the burden of showing that he was an innocent holder for value is put upon the holder, but we do not think this is the rule of pleading." We shall consider the question as it is presented by counsel.

In the case of *Giberson* v. *Jolley,* 120 Ind. 301, we collected and examined our own decisions and declared that it is, and long has been, the rule in this State that where a note is shown to have been obtained by fraud, it devolves upon the holder to show that he is a good-faith purchaser in all that the term implies. It has certainly been the rule since the decision in the case of *Harbison* v. *Bank, etc.,* 28 Ind. 133. It is not necessary to again discuss the question, but we may, without impropriety, say that we are convinced that our rule is a just and salutary one. It imposes no hardship upon the holder, since if he knows he owns the note he can hardly avoid knowing where he got it and all the circumstances attending its acquisition; but, on the other hand, it

would impose a burden, both difficult and unjust, upon the maker to require him to prove what knowledge the holder possessed when he acquired the note. Courts can not be ignorant of the generally known fact that wrong and fraud are often practiced upon persons who sign commercial paper, and with this knowledge we should feel it our duty to abridge, rather than to enlarge, the rules which may afford means of practicing fraud in the mode designated if the question were an open one, but this question is closed by authority. The common law giving protection to a *bona fide* holder is a reasonable one when confined within just limits, but it becomes unjust and oppressive when too widely extended. Our cases have, however, uniformly held that while the common-law rule protecting a *bona fide* holder prevails, yet they also hold that in order to receive its protection it devolves upon the plaintiff to show that he became a holder before maturity, without notice, and for a valuable consideration, whenever the defendant makes it appear that the note was obtained by fraud. It seems to follow, necessarily and directly, that if the answer shows that the note was obtained by fraud it states a *prima facie* defence, sufficient to require a reply from the plaintiff. It is quite difficult to conceive how it can be otherwise when, as the cases generally declare, the fact that the note was obtained by fraud casts the burden upon the holder.

The rule we have stated should prevail in all cases where the answer shows that the note originated in fraud, and there is nothing in the decisions in *Hunter* v. *McLaughlin*, 43 Ind. 38, and *Glenn* v. *Porter*, 49 Ind. 500, which opposes this conclusion. What was said in the opinions in those cases, so far as it is relevant to the point here directly involved, was said generally and in respect to answers pleading simply a want of consideration. The decision in *Woollen* v. *Vankirk*, 61 Ind. 497, does to some extent oppose the conclusion we have stated, but it is evident that in that case the court fell into error by confusing the cases which hold that a plea of want

of consideration is not good unless it avers notice, with those which plead fraud in securing the note. None of the cases cited by the court in its opinion sustain the ruling made in that case, for in none of them was the question presented. It is somewhat difficult to determine just what point controlled the decision in *Maxwell* v. *Morehart*, 66 Ind. 301, but, however this may be, we do not think it can be regarded as an authority in favor of the appellant's contention that an answer showing that a note was obtained by fraud is not sufficient unless it alleges that the plaintiff had notice of the fraud when he purchased the note. We hold that the paragraphs of the answer which allege facts showing that the note was obtained by fraud are sufficient.

There is, however, at least one paragraph of the answer which is clearly bad, and that is the paragraph which pleads want of consideration. This paragraph is bad because it does not aver that the plaintiff was not a purchaser for value and in good faith.

The authorities discriminate between cases in which a note is obtained by fraud and those in which there is a want or total failure of consideration. There is reason for this distinction. It often happens that one man executes a note without consideration for the accommodation of another, and no one would think of declaring that it would not be valid in the hands of one who paid value for it before maturity, although he may have known that it was executed without consideration. *Hinkley* v. *Fourth Nat'l Bank, etc.*, 77 Ind. 475.

Judgment reversed.

Filed Feb. 26, 1890.