# Hill *v.* Ward.

[No. 6,755.    Filed March 8, 1910.]

1. BILLS AND NOTES.—*Consideration.—Want of.—Failure of.— Burden of Proof.—Answer.*—Where the plea to a complaint upon a negotiable note is the want, or failure, of consideration, the burden of showing that the indorsee was not a *bona fide* holder is upon defendant. p. 460.

2. BILLS AND NOTES.—*Defenses.—Notice of, by Indorsee.—Answer.* —An answer, in an action by a second indorsee of a negotiable note, that such indorsee at the time of the indorsement had

notice of the alleged defense, is bad for failure to allege that the first indorsee also had notice of such defense. p. 460.

3. BILLS AND NOTES.—*Innocent Purchasers.*—*Subsequent Indorsees.*—All subsequent indorsees from an innocent purchaser of a negotiable note take it free from all defenses not available against such innocent purchaser. p. 462.

4. BILLS AND NOTES.— *Fraud.*— *Illegality.*— *Burden of Proof.*—Where fraud or illegality is pleaded as a defense to an action by an indorsee upon a negotiable note, the burden is upon such indorsee to show that he is a *bona fide* purchaser. p. 464.

5. BILLS AND NOTES.—*Consideration.*—*Illegality.*—*Performing Medical Services.*—*Want of License.*—A note given in payment of certain medical treatment to be rendered by the payee is void, where such payee was not licensed to practice medicine, such practicing without a license constituting a misdemeanor. p. 464.

6. PLEADING.—*Complaint.*—*Consideration of.*—*Evidence.*—In determining the sufficiency of a complaint, the evidence cannot be considered. p. 465.

From Noble Circuit Court; *Joseph W. Adair*, Judge.

Action by Frank R. Hill against James B. Ward. From a judgment for defendant, plaintiff appeals. *Reversed.*

*L. W. Welker* and *Blacklidge & Wolf*, for appellant.

*Weir D. Carver*, for appellee.

HADLEY, J.—Appellant sued appellee on a promissory note, averring that said note was executed by appellee to one Doremus, at the Noble County Bank, Kendallville, Indiana; that before maturity Doremus assigned the note by indorsement to one Freeman, who, before maturity, assigned it by indorsement to appellant. To this complaint appellee answered in four paragraphs: (1) General denial; (2) plea of no consideration with knowledge of appellant; (3) failure of consideration and assignment to appellant after maturity; (4) fraud in the procurement of the note and appellant's knowledge thereof. Demurrers were overruled to the second, third and fourth paragraphs of answer. These rulings are assigned as error. It is urged that the second paragraph of answer is insufficient, for the reason that it does not aver that the first indorsee was not a *bona fide* holder of the paper.

It is a well-settled rule of law that under a plea of no consideration or failure of consideration to the suit by an indorsee on a negotiable note the burden is upon the defendant to show that the indorsee was not a *bona fide* holder in all that that term implies. *First Nat. Bank* v. *Ruhl* (1890), 122 Ind. 279; *Hinkley* v. *Fourth Nat. Bank* (1881), 77 Ind. 475; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, and cases cited. In the case of *First Nat. Bank* v. *Ruhl, supra,* the court said: "There is, however, at least one paragraph of the answer which is clearly bad, and that is the paragraph which pleads want of consideration. This paragraph is bad because it does not aver that the plaintiff was not a purchaser for value and in good faith. The authorities discriminate between cases in which a note is obtained by fraud and those in which there is a want or total failure of consideration. There is reason for this distinction. It often happens that one man executes a note without consideration for the accommodation of another and no one would think of declaring that it would not be valid in the hands of one who paid value for it before maturity, although he may have known that it was executed without consideration."

The paragraph of answer in question does aver that appellant had notice of the defense alleged, but this is not sufficient. Appellant was a second indorsee, and the law is that he has the same rights and his claim is subject only to the same defenses that might be interposed as against his indorser, even though at the time he purchased he had notice of such defense as against the maker. *Hereth* v. *Merchants Nat. Bank* (1870), 34 Ind. 380; *Riley* v. *Schawacker* (1875), 50 Ind. 592; *Peckham* v. *Hendren* (1881), 76 Ind. 47; *McCardle* v. *Barricklow* (1879), 68 Ind. 356; *Hinkley* v. *Fourth Nat. Bank, supra; Bassett* v. *Avery* (1864), 15 Ohio St. 299; *New* v. *Walker* (1886), 108 Ind. 365, 58 Am. Rep. 40; *Peabody* v. *Rees* (1864), 18 Iowa 571; *Fairclough* v. *Pavia* (1854), 9 Exch. 689; *Eckhert* v. *Ellis*

(1882), 26 Hun 663; *Woodman* v. *Churchill* (1862), 52 Me. 58; *Wilson* v. *Mechanics Sav. Bank* (1863), 45 Pa. St. 488; *Lewis* v. *Long* (1889), 102 N. C. 206, 9 S. E. 637, 11 Am. St. 725; *Smith* v. *Hiscock* (1837), 14 Me. 449; 1 Daniel, Negotiable Inst. (4th ed.), §726a. In the case of *Hinkley* v. *Fourth Nat. Bank, supra,* the court uses this language: "An acceptor of a bill of exchange cannot shift the burden upon the indorsee by proving that he received no consideration for his acceptance. There is a double burden upon such an acceptor. He must not only show that he accepted without consideration, but he must show that there was no consideration between the indorsee who sues and his immediate indorser."

The reason for the rule is well ˙stated in the case of *Bassett* v. *Avery, supra.* In that case Bassett was a second indorsee, one Barrett being his immediate indorser, and it was contended that, notwithstanding Barrett had no notice of the defense, since Bassett had, the defense was available. The court held to the contrary, and in passing upon the question, said: "The reason why notice lets in a defense, in cases in which, without notice, it could not be set up, is the bad faith involved in the purchase. But if a party holds a negotiable instrument discharged of defenses which may have existed between the antecedent parties, no reason is perceived why his right of sale should be any more restricted than his right to collect. The liability of the maker is then fixed. It is not increased by a subsequent sale or gift of the note to another; and it would be inconsistent that the law should recognize a perfect title in a party, and yet limit his power of disposition in the manner claimed. Nor do we perceive the principle upon which a knowledge of the prior infirmity can be made the ground of imputing bad faith to a purchaser in no way responsible for the wrong in obtaining the paper, or putting it in circulation. Notwithstanding its former invalidity he knows that it has now become valid. Payment alone, by the maker, will dis-

charge it, and, to him, it must be a matter of indifference, whether it be made to the holder or his indorsee." In the case of *Hereth* v. *Merchants Nat. Bank, supra,* the court said: "It is well settled, that the purchaser of commercial paper from one who is an innocent holder for value, may recover on it, notwithstanding he knew that there were defenses against the note, at the time he took it." The second paragraph of answer to be sufficient as a defense should aver not only that appellant was not a good-faith purchaser, but that his indorser was likewise in *mala fides.*

The third paragraph of answer for the same reason is insufficient. It is said by the learned author in 1 Daniel, Negotiable Inst. (4th ed.), §726a: "A transferee 3. can generally get as good a title as his transferrer possesses, and it is, therefore, a settled principle that if the party who transferred the instrument to the holder acquired the note before maturity, and was himself unaffected by any infirmity in it, the holder acquires as good a title as he held, although it were overdue and dishonored at the time of transfer." In the case of *Cromwell* v. *County of Sac* (1877), 96 U. S. 51, 59, 24 L. Ed. 681, Field, J., says: "The rule has been too long settled to be questioned now, that, whenever negotiable paper has passed into the hands of a party unaffected by previous infirmities, its character as an available security is established, and its holder can transfer it to others with the like immunity. His own title and right would be impaired if any restrictions were placed upon his power of disposition." And to the same effect are the cases of *Riegel* v. *Cunningham* (1874), 9 Phila. (Penn.) 177; *Roberts* v. *Lane* (1874), 64 Me. 108, 18 Am. Rep. 242; *Woodman* v. *Churchill, supra; Wilson* v. *Mechanics Sav. Bank, supra; Smith* v. *Hiscock, supra;* Chitty, Bills and Notes (12th Am. ed.), *220. Measured by the foregoing authorities, the third paragraph was insufficient in not averring the right to set up the defense as against appellant's immediate indorser.

The fourth paragraph of answer avers in substance that the note sued upon was procured by the payee, Doremus, from appellee by fraud and false representation, in this, that prior to the making and delivery of said note said Doremus falsely and fraudulently represented to appellee that he (Doremus) was a regular practicing physician, licensed to practice medicine in Noble county pursuant to the laws of the State of Indiana; that he was a specialist in the treatment of certain diseases, namely, the disease known as bloody piles; that he had never failed to effect a cure of said disease in cases treated by him; that said appellee was then affected with said disease, and said Doremus, knowing this to be true, represented to said appellee that he could and would cure him of said disease within a period of twelve months, and in case no cure was effected said Doremus expressly agreed to return to appellee all notes and money he (Doremus) had received from appellee; that said representations were false, were then known by Doremus to be false, and were made by him with the fraudulent purpose and intent of deceiving and defrauding appellee; that appellee relied upon said representations, believed them to be true, and was thereby induced to and did contract with Doremus for treatment under the terms aforesaid, and was induced to and did execute to Doremus the note sued on; that said representations were false; that said Doremus was not and never had been a regular practicing physician; that he had no knowledge of the practice of medicine, and had never effected a cure of said disease for any person, and could not and did not cure appellee, although appellee took said treatment prescribed by Doremus and according to instructions for the period of time required, as represented by Doremus; that appellant took the assignment of said note with full knowledge that said note was obtained by said payee under the false and fraudulent representations and circumstances as set out.

It is well established that where fraud or illegality in the

execution of a note is set up as a defense, the burden is
upon the holder to show his right to protection from
such defense as a good-faith purchaser. *New* v.
*Walker, supra; Giberson* v. *Jolley* (1889), 120 Ind.
301; *Harbison* v. *Bank of the State of Indiana* (1865), 28
Ind. 133, 92 Am. Dec. 308; *Ray* v. *Baker* (1905), 165 Ind.
74; *Roberts* v. *Lane, supra; Baldwin* v. *Fagan* (1882), 83
Ind. 447; *Zook* v. *Simonson* (1880), 72 Ind. 83. The case
last cited is very much in point. The paragraph in ques-
tion, exclusive of the averments that Doremus had no license
to practice, was sufficient to constitute a defense to one with
notice, and it is averred that appellant had notice. This,
however, would not defeat recovery by appellant if he were
able to show that Freeman, his indorser, was a good-faith
holder, and that the defense could not be made against him.
But since the defense was based on fraud in the inception of
the note, the burden of showing the *bona fides* of Freeman
was cast upon appellant, and if he desired to avail himself
of this protection he should aver and prove it. But, aside
from the general averments of fraud, the plea shows
a good defense, since it avers specifically that the note
was given for medical services rendered by a person
who was not entitled to receive pay for such services. The
statutes of this State make it a misdemeanor for any person
to practice medicine without a license duly issued under the
laws prescribed. §8410 Burns 1908, Acts 1897, p. 255, §9.
This being true, the act of Doremus in treating appellee was
an illegal act, and the receipt of the note for such services
was a part of such illegal act. It is a settled rule of law
that business transactions in violation of law, or which
involve the commission of a crime or misdemeanor, cannot
be made the foundation of a valid contract, and any contract
so made is void and a recovery for services thereunder can-
not be had. *Cooper* v. *Griffin* (1895), 13 Ind. App. 212;
*Orr* v. *Meek* (1887), 111 Ind. 40.

The cases cited apply the rule to the right to recover for

services in the practice of medicine without a license. So, without reference to the other averments of the answer, the averment showing that the note was given as a part of an illegal contract was a sufficient answer to the complaint, and put the burden upon appellant to show his right to recover, notwithstanding the illegality in its execution. The principles we have announced in considering the questions upon the demurrers determine the material questions raised upon the instructions given, and we do not deem it necessary to reiterate them.

Appellee contends that since the complaint avers that appellant received the note by indorsement from Freeman, and the evidence shows that he received the note by indorsement from a person named Fermon, the note is the same as if it had not been indorsed, and is subject to the defenses that may be set up to a note transferred without indorsement. We do not pass upon this question, since the answer must meet the averments of the complaint to constitute a defense, and we cannot look to the evidence to determine what the averments of the complaint are or should be.

Judgment reversed and cause remanded, with instructions to sustain the demurrer to the second and third paragraphs of answer and further proceedings not inconsistent with this opinion.