FIRST NATIONAL BANK OF FORT WAYNE *v.* RUPERT.

[No. 22,086. Filed December 12, 1912.]

1. PLEADING.—*Theory.*—*Determination.*—A paragraph of answer, or other pleading, must pursue a single definite theory, which must be determined from its general tenor and character; that is, upon the theory that is most apparent and clearly outlined by the leading averments. p. 671.
2. BILLS AND NOTES.—*Action on Note.*—*Fraud.*—*Answer.*—*Sufficiency.*—In an action on a promissory note, an answer alleging

false and fraudulent representations of existing facts made by the payee in the transaction culminating in the execution thereof, but failing to aver that defendant believed the representations to be true, or relied on the truth thereof in executing the note, was insufficient to repel a demurrer.    p. 671.

3.  TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Answers to interrogatories will not control a general verdict unless they are in irreconcilable conflict therewith.    p. 671.

4.  BILLS AND NOTES.—*Action.*—*Burden of Proof.*—*Fraud.*—*Failure of Consideration.*—Where fraud or illegality is shown by the maker of a promissory note, the burden is on the indorsee to show himself an innocent holder, but under a plea of want, or failure, of consideration, the burden is on defendant to show that the indorsee is not a *bona fide* holder.    p. 671.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by the First National Bank of Fort Wayne against Isaiah Rupert. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)    *Reversed.*

*Herbert L. Somers, Harry F. Kennerk, U. S. Lesh* and *Eben Lesh,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellee.

MORRIS, J.—Suit by appellant, a second indorsee, against appellee, the maker, on two promissory notes. Answer in three paragraphs, consisting of a general denial, failure of consideration, and fraud in the procurement of the execution of the notes by false representations of existing facts. Appellant replied that it was a *bona fide* holder of the notes for value, by purchase before maturity. There was a trial by jury, written instructions given, interrogatories submitted, and verdict for appellee, and judgment on verdict, after overruling appellant's motion for a new trial.

The errors assigned are the overruling of appellant's demurrers to the second and third paragraphs of answer, of its motion for judgment on the jury's answers to interrogatories, and its motion for a new trial.

A paragraph of answer, or other pleading, must pursue a single definite theory. *State, ex rel.,* v. *Scott* (1908), 171

Ind. 349, 86 N. E. 409, and cases cited; *Aetna Powder Co.* v. *Hildebrand* (1894), 137 Ind. 462, 37 N. E. 136, 45 Am. St. 194. The theory must be determined by the court from the general tenor and character of the pleading; that is, on the theory that is most apparent and clearly outlined by the leading averments. *State, ex rel.,* v. *Scott, supra,* and cases cited. Tested by the above rules, the second paragraph of answer is sufficient on the theory of a failure of consideration.

The third paragraph of answer was not sufficient to repel a demurrer. While it alleges false and fraudulent representations of existing facts made by the payee of the notes in the transaction culminating in the execution thereof, it wholly fails to aver that defendant believed the representations to be true, or relied on the truth thereof in executing the notes. *Burden* v. *Burden* (1895), 141 Ind. 471, 40 N. E. 1067.

There was no error in overruling appellant's motion for judgment on the jury's answers to interrogatories. Under the rule governing such motions, the answers to the interrogatories here are not in irreconcilable conflict with the general verdict. *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512, 69 N. E. 253.

In instruction eleven, given by the court, the jury was instructed, among other things, "that if the defendant * * * has shown by a preponderance of the evidence that the notes in question were executed without any valid consideration, * * * then the burden rests on the plaintiff bank to show by a preponderance of the evidence that the plaintiff procured the said notes before the same were due and without notice of the want of consideration." The above instruction was erroneous. Where fraud or illegality is shown by the maker, the burden is on the indorsee to show himself an innocent holder *(Tescher* v. *Merca* [1889], 118 Ind. 586, 21 N. E. 316), but under a plea of want of, or failure of consideration, the bur-

den is on defendant to show that the indorsee is not a *bona fide* holder. *First Nat. Bank* v. *Ruhl* (1890), 122 Ind. 279, 23 N. E. 766; *Hill* v. *Ward* (1910), 45 Ind. App. 458, 91 N. E. 38, and cases cited.

Appellant contends that other errors are shown by the record. If there are such, they are not likely to appear in another trial, and hence are not considered. Judgment reversed.

Note.—Reported in 100 N. E. 5. See, also, under (1) 31 Cyc. 144; (2) 8 Cyc. 165; (3) 38 Cyc. 1927; (4) 8 Cyc. 236, 238. As to *bona fide* holders of negotiable instruments, see 9 Am. Dec. 272; 44 Am. Dec. 698. As to fraud in the inception of commercial paper as a defense, see 11 Am. St. 309; 37 Am. St. 458. As to the burden of proving want of consideration in actions on negotiable instruments, see 135 Am. St. 769.