## KENDALL *v.* TURNER.

[No. 12,287. Filed November 18, 1925. Rehearing denied February 25, 1926. Transfer denied March 30, 1927.]

1. APPEAL.—*Only rulings shown by the record considered on appeal.*—An appellate tribunal can give no consideration to any ruling of the court not shown by the record. p. 27.
2. BILLS AND NOTES.—*Burden of proof when want or failure of consideration pleaded and when fraud pleaded as defense.*—In an action by an indorsee on a negotiable instrument, when want or failure of consideration is pleaded as a defense, the maker has the burden of proving that it was executed without consideration or that the consideration had failed and that the indorsee was not a *bona fide* holder thereof, but when fraud

in procuring the execution of the instrument is pleaded, the burden is on the plaintiff to show himself an innocent purchaser for value without notice of the fraudulent transaction which induced the execution thereof. p. 27.

3. BILLS AND NOTES.—*Proof necessary by defendant when defense of fraud pleaded.*—In an action on promissory notes by an indorsee, where the maker pleads fraud in procuring the execution thereof, he is only required to prove to the satisfaction of the court or jury trying the case the fraudulent transaction that induced the execution of the notes and not that the plaintiff was not a *bona fide* purchaser in due course for value before the defense of fraud would be available to him. p. 28.

4. BILLS AND NOTES.—*Evidence showing circumstances surrounding execution of note improperly excluded where defense of fraud pleaded.*—In an action on promissory notes by an indorsee, where the defense of fraud in procuring the execution of the notes was pleaded, questions by the defendant intended to develop the facts and circumstances surrounding the execution thereof were improperly excluded on the theory that the defendant must first show plaintiff's knowledge of the fraud, as the defendant was only required to prove such fraud, and should be allowed great latitude in so doing that the whole transaction might be closely scrutinized. p. 28.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Harold W. Turner against Alonzo G. Kendall. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the second division.

*L. M. Bane* and *Emmett V. Harris,* for appellant.

*Breen & Morris,* for appellee.

NICHOLS, P. J.—Appellee's complaint consisted of four paragraphs. Each paragraph seeks to recover on a promissory note of the principal sum of $1,250, dated April 21, 1920, one payable to the order of Willite Road Construction Company of Florida; another to the order of Willite Road Construction Company of Wisconsin; another to the order of Willite Road Construction Company of New Jersey; another to the order of Willite Road Construction Company of Indiana, all payable at Citizens Trust Company, Fort Wayne, Indiana, with

interest at the rate of seven per cent. per annum until paid and attorney's fees, all alleged to have been executed by appellant and indorsed by the payees each respectively prior to maturity and for full value, to appellee. Appellant answered each paragraph of complaint by a general denial, and an affirmative paragraph, the theory of which was failure of consideration. There was also an additional paragraph addressed respectively to all the paragraphs of complaint, which was on the theory of fraud and averred, in substance, that one Britton and Beane, at the time of the execution of the notes sued on, were pretending to be engaged in organizing corporations respectively in the States of Florida, Wisconsin and New Jersey, which should be known and named respectively as the "Willite Road Construction Company of Florida," the "Willite Road Construction Company of Wisconsin" and the "Willite Road Construction Company of New Jersey," and they claimed to be president and secretary respectively of a corporation known as the "Willite Road Construction Company of Indiana"; that on April 21, 1920, one Waterman, who was the agent of said Britton and Beane, vested with authority from them to obtain stock subscriptions in said proposed corporations and in the Willite Road Construction Company of Indiana, applied to appellant to subscribe for stock in said proposed corporations and in said Indiana corporation; that the said Britton, Beane and Waterman falsely and fraudulently represented that it was their intention to issue shares of stock in said several proposed corporations when the same should be organized to any one who had purchased the same; that, in pursuance of said representations, appellant, believing that it was the intention of said parties to cause said stock to be issued to him, gave his subscription for twelve and one-half shares of stock in each of said proposed

corporations and twelve and one-half shares in said Indiana corporation, and executed his said several promissory notes sued on, and the said Britton, Beane and Waterman never issued any stock in consideration for said notes and never paid appellant anything of value whatever for the execution by him of said notes, and never intended to do so; that their said efforts were in pursuance of a fraudulent scheme on their part to procure from appellant said notes; that none of said proposed corporations was ever organized, and no effort was ever made to organize the same, and said Britton, Beane and Waterman made no effort to procure from said Indiana corporation the issuance of any stock to appellant; that the so-called corporation was insolvent, never entered into active operation and was likewise a fraudulent scheme of said Britton, Beane and Waterman to procure the execution by appellant of said notes; that appellant never received any consideration whatever for the execution of said several notes. After the execution of said notes, the same purport to have been indorsed by the Willite Road Construction Company, by George A. Britton, Secretary and by George A. Britton and C. H. Beane, personally; that said notes were thereupon delivered to one Kavanaugh, who, at the time he received the same, was in collusion with the said Britton and Beane and had full notice and knowledge of the circumstances under which and the purposes for which said notes were executed and that there was no consideration therefor, and had full notice and knowledge of said fraudulent scheme; that said Kavanaugh afterwards personally indorsed said notes in blank and delivered the same to appellee, who, at the time he received the same, had full notice and knowledge of all of the circumstances under which said notes were executed, and that there was no consideration therefor, and who also knew that there was no

such corporations or companies as the Willite Road Construction Company of Florida, of Wisconsin, or of New Jersey, and who also knew that there was, in fact, no such company or corporation as the Willite Road Construction Company, the pretended indorsee of said notes; that the appellee is not an owner of said notes in good faith and holds the same simply for the purposes of this action; that said notes were transferred to him by said Kavanaugh to avoid the defense which appellant might have in a suit by the original payees and their indorsee, Kavanaugh.

Appellee says that he filed a demurrer to each of these paragraphs of answer, but that, for some unaccountable reason, the court failed to note its ruling thereon, and that the court failed to note appellee's reply. Appellee rightly understands that we can give no consideration to any ruling of the court that the record does not show. As to the reply, the cause will be considered the same as if a reply in denial had been filed.

Had there been no paragraph of fraud addressed respectively to all the paragraphs of complaint, quite a different rule as to burden of proof would prevail. Under the answers of want or failure of consideration, the burden was on appellant to show that the notes were executed without consideration, or that the consideration had failed, and that appellee as an indorsee was not a *bona fide* holder thereof. *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 671, 100 N. E. 5. But, with this answer of fraud in the record, a different rule prevails. Under such an issue, when appellant introduced evidence tending to impeach the consideration for the note sued on, and to show that the note was procured by fraud, appellee must have then assumed the burden of showing that he had no notice or knowledge of the fraudulent transaction which in-

duced the execution of the note without consideration, at the time of his purchase thereof, and that he was a *bona fide* holder in due course for value. The case of *Zook* v. *Simonson* (1880), 72 Ind. 83, is directly in point on this question, and sustains the rule of law above announced. Other authorities to the same effect are: *Ray* v. *Baker* (1905), 165 Ind. 74, 88, 74 N. E. 619; *Giberson* v. *Jolley* (1889), 120 Ind. 301, 22 N. E. 306; *First Nat. Bank, etc.,* v. *Ruhl* (1890), 122 Ind. 279, 23 N. E. 766; *Shirk* v. *Neible* (1901), 156 Ind. 66, 59 N. E. 281, 83 Am. St. 150; *Hill* v. *Ward* (1910), 45 Ind. App. 458, 91 N. E. 38; *Johnson* v. *Harrison* (1912), 177 Ind. 240, 97 N. E. 930, 39 L. R. A. (N. S.) 1207; *Wheat* v. *Goss* (1923), 193 Ind. 558, 141 N. E. 311; *Varney* v. *Nat. City Bank* (1923), 80 Ind. App. 598, 139 N. E. 326.

At the trial, numerous questions were asked which were intended to develop the facts and circumstances surrounding the execution of the notes in suit, 3, 4. to which objections were made by appellee and sustained by the court, upon the theory that appellant must first show that appellee was cognizant of the fraudulent transaction, and that he was not a *bona fide* purchaser in due course for value before the defense of fraud would be available to him. In these rulings, the court erred. Under the issue of fraud, appellant was only required to prove to the satisfaction of the jury the fraudulent transaction that induced the execution of the notes in suit, and, in making this proof, he should have been given great latitude in the introduction of evidence that the whole transaction might be closely scrutinized. *Nat. City Bank* v. *Kirk* (1922), 85 Ind. App. 120, 134 N. E. 772. As is stated in *Ray* v. *Baker, supra:* "It is a well-settled principle that where a person designedly or knowingly causes a false impression or belief to be entertained by another, and the

latter is thereby induced to make a contract injurious to his interests, such a contract is so impressed with fraud that a court will not sanction the enforcement thereof against a defrauded party." Nor, we may add, in favor of the indorsee thereof, unless it appears by averment and proof that he was a purchaser in due course and in good faith for value. The averments of the fourth paragraph of answer disclosed such a situation, and the questions to which objections were sustained sought to establish these averments, and they should have been answered. Had they been answered in harmony with the offer to prove, and with the inference that the jury might have drawn from the relation of attorney and client existing between appellee and Kavanaugh, along with the fact that appellee made no inquiry as to the notes, and the fact that he did not know the market value of the bonds which he traded for the notes, it certainly would have been error to give a peremptory instruction to return a verdict for appellee.

The judgment is reversed, with instruction to grant a new trial.