*Williamson* and *Daggy*, for the appellees.

---

## BURNHEISEL *v.* FIELD and Others.

Suit by an assignee, upon the following instrument, viz., "*Lafayette, Ind.*, *December* 4, 1856. Ten months after date, value received, pay to the order of *A. B.*, assignee, five hundred dollars, and charge the same to account of yours," &c. [Signed] "*W. C.*" "To *E. W.*, Esq., Treasurer, *N. Y.*" Across the face of the instrument was written, "Accepted for, and on behalf of, *The Toledo, Wabash and Western Railroad Company*, payable at," &c. [Signed] "*E. W.*, Treasurer." The instrument was indorsed, "Pay the within to the order of *K. & B.*" [Signed] "*A. B.*, assignee of *J. M. F.*" By an indorsement of *K. & B.* the instrument was transferred to the plaintiff, who caused it to be presented and duly protested, and notices to be given, &c. It was averred in the complaint that *W. C.* was, at the time, &c., a chief engineer of said railroad, and that said bill was drawn on account of labor done in the construction of said railroad, &c.

*Held*, that if the doctrine is correct that there are instruments that may be treated by the holder as either a bill of exchange or a promissory note, this was clearly a case in which the holder was entitled to treat the paper as a bill of exchange, and subject to the laws governing such paper, and this right was not waived by the averment that it was drawn by an officer of the company for work done in the construction of the road.

APPEAL from the *Cass* Circuit Court.                    <span>Thursday,</span>

HANNA, J.—*Field* and others, assignees, sued *The Toledo,* <span>February 6.</span>
*Wabash and Western Railroad Co., John T. Musselman,*
*Alba Kendal* and *Henry Burnheisel,* upon an instrument in

Nov. Term,
1861.

BURNHEISEL
v.
FIELD.

writing and the acceptance and indorsements thereon, as follows:

"$500.          "TOLEDO, WABASH AND WESTERN RAILROAD CO.,
                "LAFAYETTE, IND., *Dec.* 4, 1856.

"Ten months after date, value received, pay to the order of *J. T. Musselman*, assignee, five hundred dollars, and charge the same to account of

"Yr. obt. servant,          WARREN COLBURN.
"To EDWARD WHITEHOUSE, Esq., *Treasurer*,
54 *William St., N. Y.*"

Across the face of the instrument was a writing, as follows:

"Accepted for, and on behalf of, *The Toledo, Wabash and Western Railroad Co.*, payable at No. 54 *William St.*
          "EDW. WHITEHOUSE, *Treasurer.*"

And the same was indorsed as follows:

"Pay the within to the order of *Kendal & Burnheisel.*
          "JOHN T. MUSSELMAN, *Assignee of J. M. F.*"

And by *Kendal & Burnheisel* it was indorsed to plaintiffs; who caused it to be presented and protested for non-payment and notices to be given. These facts are averred in the complaint, and that *Colburn* was at, &c., the chief engineer, of said railroad, &c.; that the said bill was payable in the city and State of *New York*, and was drawn in *Indiana*, on account of work and labor done in the construction of the road of said company in said State.

A statute of the State of *New York*, upon the subject of promissory notes and bills of exchange, in reference to their negotiability and rate of interest, was set out.

Separate demurrers were filed by the railroad company, by *Kendal & Burnheisel* and by *Musselman*, to the complaint. They were all overruled and exceptions taken, but as no one has appeared or assigns error here but *Burnheisel* we need not notice any ruling but that in reference to the demurrer in which he was interested.

It is urged that the instrument sued on is not a bill of exchange but a promissory note only, and that, therefore,

suit should have been first brought against the maker alone in the first instance or an excuse shown for not suing.

It has been sometimes decided that an instrument may be so worded and negotiated as to be treated by a *bona fide* holder or indorsee, as either a bill of exchange or a promissory note. We do not think that from the face of the writing a stranger would be able to perceive that it was drawn by one servant of the company upon another servant of the same. There was nothing showing, if it could have been so shown, that the plaintiffs were apprized of the fact, when they received the writing, that it was drawn by the engineer of the corporation upon the treasurer thereof. It may be, therefore, from the appearance of the writing, and the steps they took in causing the presentation, protest and notices, that the plaintiffs believed it to be a regular bill of exchange, and treated it accordingly. We are not now discussing the right of a man to draw upon himself, or of one officer of a corporation to draw upon another, or the effect of such acts, when apparent upon the face of the instrument; but the effect of drawing in the form here shown, the character the paper should, *prima facie*, bear, and in what light received and treated by strangers.

If the doctrine is correct that there are instruments that may be treated by a holder as either a bill of exchange or a promissory note, then we are of opinion that so far as the circumstances are here shown, this was clearly a case in which the plaintiffs were justified in regarding and treating the paper sued on as a bill of exchange, subject to, and entitled to the benefit of the laws governing such paper. This would be the result unless they have deprived themselves of such right by the form of pleading adopted; that is, in the averments that the bill was drawn by an officer of the corporation upon another officer thereof, on account of work done for the same. We suppose the averment was inserted to avoid any question as to the right of the corporation to thus contract; and as the rights of the plaintiffs had already attached, to regard the paper as a bill of exchange, we do not think they changed that right, or lost it, by the averment, viewing it as made for the purpose indicated.

Nov. Term, 1861.

The Court adjudicated as to the rights of the appellant and *Musselman*, as between themselves, no reasons for a new trial were filed, and therefore we can not examine that question.

*Per Curiam.*—The judgment, is affirmed, with 3 per cent. damages and costs.

*L. Chamberlin*, for the appellant.

*D. D. Pratt*, for the appellees.