CHARLES G. HARGER et al., Respondents, *v.* GEORGE WORRALL, impleaded, etc., Appellant.

In the absence of proof of fraud or misappropriation, the presumption is that the indorsee of a negotiable bill or note is a *bona fide* holder for value ; this presumption is not repelled merely by proof that the paper as between the immediate parties was without consideration, and was made, indorsed or accepted by one for the sole accommodation of the other.

Where, therefore, in an action by an indorsee before maturity against the acceptors of a bill, the defence was that the acceptance was without consideration and solely for the accommodation of the drawer, and that it was discounted by plaintiffs for the drawer at a usurious rate of interest, *held*, that the burden was upon defendants to show the amount paid by plaintiffs for the bill, and in the absence of any evidence upon the subject, that plaintiffs were entitled to recover.

(*Bank of St. Albans* v. *Gilliland*, 23 Wend., 311,) distinguished.

(Submitted April 9, 1877; decided April 24, 1877.)

APPEAL by defendant Worrall from a judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Roswell R. Moss*, for the appellant. The *onus probandi* was upon plaintiffs to show themselves *bona fide* purchasers. (Edwards on Bills and Notes, 104, 105, 106, m. p.; *Kimmerly* v. *Gorham*, 60 N. Y., 632; *Bank St. Albans* v. *Gilliland*, 23 Wend., 311, 313; *Purchaser* v. *Mattison*, 15 Abb. Pr., 402, 405; *Woodruff* v. *Wicker*, 2 Bosw., 613, 616, 617; *Clark* v. *Dearborn*, 6 Duer, 309, 312; *Lemoine* v. *Bk. of N. Am.*, 3 Dil., 44; 14 Alb. L. J., 106; *Hamilton* v. *Marks*, 3 N. Y. [Weekly Dig.], 397, 399, 400; *Smith* v. *Sac. Co.*, 13 Wal., 139; *Fielden* v. *Lahens*, 6 Abb. Pr. [N. S.], 341; *Commercial Bank* v. *Cott*, 15 Barb., 506, 516; *Joyce* v. *Williams*, 14 Wend., 141, 144; *Wilson* v. *Williams*,

id., 146, 156, 158; 55 N. Y., 440; Edwards on Bills and Notes [ed. 1863], 410, note 4; 16 Barb., 551; 34 N. Y., 247; 35 id., 136; 2 Pars. on Bills and Notes, 275.) Proof of the amount paid by plaintiffs was necessary to determine the amount of their recovery. (*Cobb* v. *Titus*, 13 Barb., 41, 45; 10 N. Y., 198, 202; *Ingalls* v. *Lee*, 9 Barb., 647, 651; 21 Wend., 285; 8 Paige, 548; 9 id., 487; 1 Clark Ch., 447; 4 Hill, 478, 479; 7 id., 451; Lalor's Sup. to H. & D., 255, 256; 5 Duer, 237, 379; 2 Bosw., 253; 31 Barb., 241, 255; 14 N. Y., 128, 142, 143; *Todd* v. *Shelbourne*, 8 Hun, 510, 512. The appellant may avail himself of the defence of usury. (11 Wend., 330; 3 Lans., 494; 2 N. Y. [Weekly Dig.], 441; *Hoge* v. *Lansiny*, 35 N. Y., 136, 138; 5 Hill, 160; 21 Wend., 502; 26 N. Y., 541; *Mer. Ex. Nat. Bank* v. *Com. Warehouse Co.*, 49 N. Y., 636, 641, 642; *Adams* v. *Mills*, 60 id., 533, 537; *Ellis* v. *Wilmot*, 11 Eng. R. [Moak's Notes], 338, 347–9.)

*McCartin & Williams*, for the respondents. The defendants could not plead usury. (*Rosa* v. *Butterfield*, 33 N. Y., 665; *Belmont Br. Bk.* v. *Hoge*, 35 id., 65; *First Nat. Bk. of N. Y.* v. *Morris*, 1 Hun, 680; *De Roe* v. *Smith*, id., 607.) The appellant, having contracted with the coal company by its corporate name, is estopped from denying said company's incorporation. (*Comm. Bank* v. *Smith*, 9 Abb., 168; *O. & S. Pr. Co.* v. *Rust*, 5 How., 390; *Erwin* v. *Downs*, 15 N. Y., 575; *Remsen* v. *Graves*, 41 id., 471; *Dalrymple* v. *Hillenbrand*, 62 id., 5.) Plaintiffs were not bound to prove they paid value for the draft. (*Ross* v. *Bedell*, 5 Duer, 462–467; *Grant* v. *Ellicott*, 7 Wend., 227; *Robbins* v. *Richardson*, 2 Bosw., 248–254; *M. & T. Bank* v. *Craw*, 60 N. Y., 85.)

RAPALLO, J. This action was brought against the appellant and his co-partner as acceptors of a bill of exchange drawn upon them by the Pittston and Elmira Coal Company, and transferred to the plaintiffs. The complaint contains all

the necessary allegations to maintain the action, and among them an averment that after acceptance and before maturity, the bill was, for value received, sold, transferred and delivered to the plaintiffs. The answer does not deny any of the allegations of the complaint, but sets up as a defence that the bill was accepted by the defendants without consideration, and solely for the accommodation of the coal company, and to enable them to raise money thereon, and that it was discounted by the plaintiffs for that company at a usurious rate of interest. No evidence was given by the defendants in support of this defence, except that the acceptance was without consideration as between the drawers and acceptors and solely for the accommodation of the drawers, and the referee so found. No proof was given by either party as to the amount paid by the plaintiffs for the bill, and the defend-. ants claimed upon the trial and now insist that they having proved themselves to be mere accommodation acceptors, it was incumbent upon the plaintiffs to show what value they paid for the bill, and that their recovery should be restricted to the amount so paid.

Such would undoubtedly be the case had the acceptance been obtained by fraud or duress, or had it been fraudulently diverted from the purpose for which it was given. (*First Nat. Bank* v. *Green*, 43 N. Y., 298.) But in the absence of proof of fraud or misappropriation, the presumption is that the indorsee of a negotiable bill or note is a *bona fide* holder for value, and this presumption is not repelled merely by proof that the bill or note as between the immediate parties was without consideration, and was made, indorsed, or accepted by one for the sole accommodation of the other. When no other proof is given the holder is not bound to prove a valuable consideration. (*Ross* v. *Bedell*, 5 Duer, 462; *Merchants' and Traders' Bank*, v. *Crow*, 60 N. Y., 85.) The proof and finding that the bill in the present case was accepted without consideration, and solely for the accommodation of the drawer, constituted no defence to the action, and as no other fact was proved on the part of

the defence, the plaintiffs were clearly entitled to judgment. (*Grant* v. *Ellicott*, 7 Wend., 229.)

In the case of *Bank of St. Albans* v. *Gilliland* (23 Wend., 311), cited by appellant, the note was given for the accommodation of a firm, and applied by one member of the firm to his individual use. This was a clear misappropriation of the note which threw upon the holder the burden of proving that it paid value. No such diversion appears in the present case. The other references by counsel are to cases where one member of a firm has issued accommodation paper without the consent of his copartners. They are inapplicable here, as the acceptance by the firm is admitted in the pleadings.

The judgment must be affirmed.

All concur.

Judgment affirmed.