Hinkley *v.* The Fourth National Bank of St. Louis.

| 77 | 475 |
| 129 | 441 |

No. 7840.

HINKLEY *v.* THE FOURTH NATIONAL BANK OF ST. LOUIS.

BILL OF EXCHANGE.—*Presentment.*—*Acceptor.*—In an action by an endorser against the acceptor of a bill of exchange, it is not necessary for the complaint to allege that the bill was presented for payment.

SAME.—*Accommodation Acceptor.*—*Innocent Holder.*—*Burden of Proof.*—*Consideration.*—Where one, not deceived or defrauded, voluntarily accepts a bill of exchange for the accommodation of another, he can not impose upon the indorsee the burden of showing that he became such indorsee in good faith, for value and before maturity. *Harbison* v. *The State Bank,* 28 Ind. 133, distinguished. Nor can he shift the burden upon the endorsee by proving that he received no consideration for his acceptance; he must, also, show that there was no consideration between the endorsee who sues and his immediate endorser.

From the Marion Circuit Court.

*B. F. Davis* and *J. L. Bloomer,* for appellant.
*J. M. Judah* and *A. S. Caldwell,* for appellee.

ELLIOTT, C. J.—The appellee instituted separate actions upon two bills of exchange, drawn upon and accepted by the appellant. The cases were afterward consolidated and tried together.

It is urged that the complaint is defective, because it does not aver that the bills were presented for payment. There is no force in this objection. It was not necessary to show a presentment for payment in order to hold the acceptor. The acceptor is the party primarily liable, and presentment for payment is not necessary to fix an already existing, absolute primary liability. 1 Daniels Neg. Instr., pp. 426, 455 ; *The Eaton, etc., R. R. Co.* v. *Hunt,* 20 Ind. 457.

The appellant testified upon the trial that he received no consideration for his acceptance, and that he was a mere accommodation acceptor. Appellee introduced the bills and the endorsements, from which it appeared that the original payees, H. W. Flint & Co., endorsed the bills to Schaumberg Bros., and they to the appellee. Appellee offered no evidence showing what consideration was paid by it for the

bills, and appellant insists that, because no such evidence was introduced, there ought not to have been a recovery. *Harbison* v. *The Bank*, etc., 28 Ind. 133, is relied upon. That case does not lay down any such doctrine as that for which appellant contends. It was there rightly held, that, where a bill or note is shown to have been obtained by fraud, the party suing upon it must show that he became a holder for value, and before maturity. That doctrine does not apply to such a case as the present, where the element of fraud is altogether wanting. The appellant was not deceived or defrauded. He voluntarily accepted bills for the accommodation of another, and is not in a situation to impose upon the holder the burden of showing that he became such in good faith, for value and before maturity. *Spurgin* v. *McPheeters*, 42 Ind. 527.

An acceptor of a bill of exchange can not shift the burden upon the endorsee by proving that he received no consideration for his acceptance. There is a double burden upon such an acceptor. He must not only show that he accepted without consideration, but he must also show that there was no consideration between the endorsee who sues and his immediate endorser. *Mills* v. *Barber*, 1 M. & W. 425 ; *Harger* v. *Worrall*, 69 N. Y. 370 ; *Ellicott* v. *Martin*, 6 Md. 509 ; *Holme* v. *Karsper*, 5 Binney, 469 ; *Collins* v. *Gilbert*, 94 U. S. 753.

Judgment affirmed, with costs.