### LUCY F. SEYFERT v. THOMAS A. EDISON.

1. When it is a part of the defence that a note was taken after its maturity, such fact, in general, must be proved by the defendant.
2. An accommodation note is negotiable after its maturity, and if taken for value will bind all parties to it.
3. The plaintiff was a married woman, and had taken the note in suit in the State of Pennsylvania by endorsement from her husband. There was no proof of the law of Pennsylvania. *Held*, that the rule of the common law was applicable, and that she showed no title to the note.

On rule to show cause. The facts appear fully in the opinion of the court.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the rule, *G. D. W. Vroom.*

*Contra, Alan H. Strong.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiff sued in the character of assignee of a note drawn by the defendant, and the defence which was set up consisted of two facts—first, that the note was taken after maturity, and, second, that the defendant had made it for the accommodation of the payee.

The former of these circumstances was not proved. The plaintiff was examined by the defendant, and all that she testified to was that she could not remember when the paper came to her hands. She said she had taken it for full value, but could not fix the date of such transfer. There was nothing in the case to overcome the legal presumption that the instrument had been passed to the holder before maturity. The burthen of proof on this subject was on the party who relies upon the fact as a part of his defence. *Duncan v. Gilbert, 5 Dutcher* 521 ; *Harger v. Worrall, 69 N. Y.* 370.

Nor would the fact that the note came to the plaintiff after dishonor have helped the defence. It appeared that the paper was made by the defendant without consideration and as an accommodation of the payee; but that circumstance, joined to the fact that such payee transferred it after it fell due (if we were to assume such to have been the case), did not, *ipso facto*, bar the right of recovery. The paper was for the general accommodation of the payee. There was no pretence of any misapplication of the note; but the payee had used it, as he had a right to do, in the course of his business. There was nothing in the terms of the agreement under which the payee took this accommodation that prohibited him from its use after the pay-day of the instrument. Professor Parsons defines the legal rule on this subject in these words, viz.: "A person who takes accommodation paper after its dishonor, in good faith and for value, may recover from the accommodation endorser or other party lending his name and credit. So, too, as we have seen, the holder of an accommodation note, without restriction as to the mode of using it, may transfer it either in payment or as collateral security for an antecedent debt; and the fact that he did so will be no defence to an endorser." *Pars. on Bills and Notes.*

This quotation correctly presents the rule of law on this subject, as it was established by the English courts shortly after the beginning of the present century, and, notwithstanding a different view has been promulgated in one or two recent cases, is, I think, the doctrine that is sustained by the weight of reason and judicial authority.

The result is that the facts set up were not proved, nor would they have constituted a legal defence if they had been established.

Nevertheless, there must be a new trial, inasmuch as on the proofs the plaintiff did not show herself to be entitled to a judgment in her favor.

The plaintiff was a married woman, her husband being the payee for whose accommodation the note in suit was drawn. The note is dated and is payable in New York, and it appears

to have been transferred to the plaintiff in the State of Pennsylvania. There was no proof at the trial, so far as the case before this court shows, with respect to the law in either of these states regulating the *status* of married persons. For the purposes of this motion we must look upon the relationship of this husband and wife as controlled by the rules of the common law, and that, consequently, the note in suit as remaining the property of the husband, the transfer to the wife being a nullity. Upon the facts stated, the paper, in contemplation of law, is the property of the husband, and as the maker signed it for his accommodation, no right to put it in suit is shown.

Let the rule be made absolute.