Galvin, Adm'r, *et al. v.* The Meridian National Bank of Indianapolis.

Judgment affirmed.

Filed Oct. 27, 1891.

———————

No. 15,208.

·GALVIN, ADMINISTRATOR, ET AL. *v.* THE MERIDIAN NATIONAL BANK OF INDIANAPOLIS.

PROMISSORY NOTE.—*Action on.*—*Bona Fide Holder.*—*Fraud.*—*Burden of Proof.*—In order to cast the burden upon the holder of a note, payable in bank, to prove that it became the owner of the same in good faith before maturity, and for a valuable consideration, the evidence must show that the note was procured by fraud; it is not sufficient to show that it was procured without consideration.

ARGUMENT OF COUNSEL.—*Misconduct.*—Statements made by counsel outside the evidence, and admitted to be so at the time, but which are brought out by a statement of opposing counsel equally objectionable, will not cause the judgment to be reversed.

From the Hancock Circuit Court.

*S. E. Urmston* and *J. A. New,* for appellants.

*A. Q. Jones,* for appellee.

MILLER, J.—The appellee brought this action against

Galvin, Adm'r, *et al. v.* The Meridian National Bank of Indianapolis.

George W. Galvin, as administrator of the estate of Albert Galvin, deceased, George W. Galvin, and the members of the firms of Landers, Barnes & Co., and Barnes, McMurtry & Co., on a promissory note for $1,500, purporting to have been executed by Albert Galvin, and made payable to George W. Galvin, one year after date, at the First National Bank of Indianapolis, Indiana, which note was endorsed by the payee and by Landers, Barnes & Co. and Barnes, McMurtry & Co.

George W. Galvin, who was the payee of the note, by his answers and by a cross-complaint, claimed, among other things, to be the owner of the note, and denied having assigned or transferred it, except by way of deposit in the safe of Landers & Weaver, pending some business negotiations between them, and charged that the note was wrongfully taken from their safe and negotiated.

The other defendants answered by a general denial of the complaint.

A trial of the cause resulted in a verdict and judgment against all the defendants, from which George W. Galvin, individually, and as administrator, appeals. The other defendants have been notified, and refuse to join in the appeal.

The errors assigned in this court relate to the action of the court in overruling a motion for a new trial.

A large number of causes for a new trial were assigned in the motion, but only three of them are discussed in the briefs of counsel, viz. :

That the finding of the jury is not sustained by sufficient evidence.

Error of the court in refusing to permit the defendant George W. Galvin to show by the witness Weaver, on his cross-examination, that Galvin never received a cent, or anything in value, on account of the transfer of the note in suit.

Misconduct of the counsel for the plaintiff in making statements to the jury outside the evidence, and tending to prejudice them against the defendant George W. Galvin.

It is insisted that under the evidence, as developed on the trial, it was incumbent on the plaintiff to show that it became the owner of the note before maturity, without notice, and for a valuable consideration. In support of this proposition *Giberson* v. *Jolley*, 120 Ind. 301, and *First Nat'l Bank, etc.,* v. *Ruhl*, 122 Ind. 279, are cited and relied upon.

We are content with the propositions of law enunciated in these cases, but the appellants do not bring themselves within their purview.

The evidence introduced by the appellants tended to show that George W. Galvin had not received a consideration for the transfer of the note to the brokerage firm of Landers & Weaver, but there was no evidence whatever showing, or tending to show, that the note was obtained from the maker by fraud, or that it was obtained fraudulently by any of its subsequent holders.

In order to cast the burden upon the holder of a note payable in bank, to prove that it became the owner of the same in good faith, before maturity and for a valuable consideration, the evidence must show that the note was procured by fraud; it is not sufficient to show that it was procured without consideration. *Hinkley* v. *Fourth Nat'l Bank, etc.,* 77 Ind. 475 ; *First Nat'l Bank, etc.,* v. *Ruhl, supra.*

The court, in one of its charges, told the jury that if the defendant, George W. Galvin, had proven by fair preponderance of the evidence, that the note in suit was endorsed by him to the firm of Landers & Weaver without any consideration, and was left by him with them as collateral security only in certain transactions had by him with such firm, the burden was on the plaintiff to show that the note came to her before maturity, and that she took the same in good faith and for a valuable consideration, and that without such proof she could not recover.

This was more favorable to the appellants than they were entitled to receive.

The court did not err in refusing to permit the appellant

to ask the witness Weaver, on cross-examination, if George W. Galvin ever received a cent on account of the purchase of the corn and wheat about which he had testified. The witness had stated that the firm had been engaged in the purchase, for Galvin, of pork, corn and wheat, for future delivery, and that his losses on account of the shrinkage in values were in excess of the amount of this note.

There was no pretence in the testimony that Galvin had ever received anything on account of these purchases, and, therefore, the evidence proposed to be elicited did not contradict anything that the witness had sworn to in his examination in chief, and was not proper cross-examination. If the question had been answered it could not have been of benefit to the appellant.

The remaining cause for which a new trial was asked is the alleged error of the court in permitting one of the counsel for the plaintiff to say to the jury in his closing argument "That Mr. New had said while standing here, that this Mr. Galvin was an unsophisticated fellow; that he is not going to deal any more in bucket-shops, but that it had been whispered to him that he had taken the train to again deal in bucket-shops, but that it was not in evidence here."

This statement was confessedly without the evidence, but appears to have been brought out by a statement of opposing counsel equally objectionable. Under these circumstances, taking into consideration the character of the declaration, and the admission made at the time that it was not in evidence, we can neither commend the practice nor reverse the judgment on that account. *Shular* v. *State*, 105 Ind. 289.

Judgment affirmed.

Filed Oct. 27, 1891.