JOVESHOF v. ROCKEY.

(Supreme Court, Appellate Term. April 10, 1908.)

BILLS AND NOTES—WANT OF CONSIDERATION—BURDEN OF PROOF.

Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 50, providing that negotiable instruments shall be deemed to have been issued for a valuable consideration, and under section 54, making absence or failure of consideration a matter of defense as against one not a holder in due course, in an action on notes in the hands of an indorsee, the burden was on defendant to show want of consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1652–1654.]

Appeal from City Court of New York, Trial Term.

Action by Herman Joveshof against Walter S. Rockey and others on notes. From a judgment for plaintiff, defendant Rockey appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

F. H. Kellogg, for appellant.
Stroock & Stroock, for respondent.

DAYTON, J. This action is brought to recover upon two promissory notes. The notes were made by the defendant Rockey, and were by their terms payable to the Pure Drug Company. The notes were originally delivered as payment for goods which the Pure Drug Company was to deliver to the maker. The goods were not delivered, and the defendant never received any consideration for the notes. The Pure Drug Company delivered the notes to one Rossheim, who delivered them to the plaintiff. The defendant Rockey was the only defendant served in this action. The answer of the defendant alleged that the notes were given without consideration, and that they had been delivered by Rossheim to the plaintiff for the sole purpose of having them discounted by the plaintiff, and upon the agreement that their proceeds were to be paid to Rossheim.

Upon the trial the plaintiff produced the notes and proved that they were delivered to him before maturity. The plaintiff claimed that the notes were given to him to be applied upon an antecedent indebtedness of $1,500 which Rossheim owed him. The defendant claimed that the notes were originally delivered without consideration, and offered proof tending to sustain his second defense. When Rossheim took the notes to the plaintiff, who was his creditor for a sum in excess of the amount of said notes, he endeavored to negotiate for a part of the proceeds to himself and part to be applied on his indebtedness to the plaintiff. The Mutual Bank, which received the notes, retained them on account of this indebtedness of Rossheim to the plaintiff. Plaintiff testified that

he demanded payment of the indebtedness due from Rossheim, and that the latter gave him these notes, without any statement as to the circumstances under which he received them, but represented that he was himself substantially the Pure Drug Company, and that the notes were his personal property. Rossheim testified that he did not represent that he owned the notes, but told plaintiff they were the property of the Pure Drug Company. There was no evidence of illegality, actual fraud, or duress. The learned trial judge charged the jury that the burden was on the defendant to prove that the notes were made without consideration and that plaintiff obtained them by fraud and deceit.

Appellant contends that the court erred in its charge, and urges that the burden of proof was on the plaintiff to establish good faith and consideration. Much has been written prior and subsequent to the passage of the negotiable instrument law of 1897 on this point. It seems to me that Mr. Justice Houghton, writing for a unanimous court in Mitchell v. Baldwin, 88 App. Div. 266, 84 N. Y. Supp. 1043, lays down the rule applicable here:

> "The presumption that the indorsee of a negotiable note is a bona fide holder is not repelled merely by proof that the paper, as between the immediate parties, was without consideration. Harger v. Worrall, 69 N. Y. 370, 25 Am. Rep. 206. Nor does proof that the proceeds of a note intended to be discounted have been diverted from the agreed channel change the rule. M. & T. N. Bank v. Crow, 60 N. Y. 85-87."

Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, consideration is presumed (sections 50, 51), and absence or failure of consideration is a defense (section 54). The exception to the charge here relied on goes only to the question of consideration. Lack of consideration is an affirmative defense, and, the jury having found that plaintiff was a holder in due course for a valuable consideration, the judgment should be affirmed.

Judgment affirmed, with costs. All concur.