## Johnson County Savings Bank *v.* Kramer.

[No. 6,246. Filed November 24, 1908.]

1. Appeal.—*Assignments of Errors.—Demurrer.—Exceptions.— Joint.—Several.*—Where plaintiff files a several demurrer to the second and third paragraphs of answer, which is overruled, "to which ruling * * * plaintiff * * * excepts," and the plaintiff assigns error on the overruling of the demurrer "to the second and third paragraphs of the defendant's answer," each paragraph is questioned, though to sustain the assignment both paragraphs must be held insufficient. p. 550.

2. Bills and Notes.—*Defenses.—Fraud.—Breach of Contract.— Indorsees.—Pleading.—Answer.*—Fraud or breach of contract on the part of the drawer constitutes no defense to an action by a good-faith indorsee of a foreign bill of exchange against the acceptor thereof. p. 551.

3. BILLS AND NOTES.—*Foreign.—Acceptance.—Laws Governing.*—
A bill drawn by an Iowa corporation upon a resident of Indiana,
which is accepted in Indiana, must be treated as a foreign bill
of exchange, though the contract of acceptance is governed by
the laws of Indiana.   p. 553.

From Laporte Superior Court; `Harry B. Tuthill,* Judge.

Action by the Johnson County Savings Bank against
Leonard · G. Kramer.   From a judgment for defendant,
plaintiff appeals.   *Reversed.*

*M. R. Sutherland* and *R. N. Smith,* for appellant.
*James F. Gallaher,* for appellee.

MYERS, J.—Appellant brought this action against ap-
pellee, alleging, in substance, that a partnership composed
of Milbert F. Price and Lewis E. Lyon, doing business at
Iowa City, Iowa, under the firm name of the Puritan Manu-
facturing Company, on April 15, 1904, at its place of busi-
ness in said Iowa City, drew in due course, upon the ap-
pellee, its draft or bill of exchange, sued on in this action,
as well as three other drafts or bills of exchange, each for
$95, due in three, six and nine months after date, and for-
warded them to the appellee for his acceptance in writing;
that the appellee received said drafts or bills of exchange
and accepted them by signing his name, "L. G. Kramer,"
on the face of each, and delivered them at said Iowa City
to said Puritan Manufacturing Company, which in due
course, May 21, 1904, in good faith and for a valuable con-
sideration to it paid by the appellant, indorsed and deliv-
ered said drafts or bills of exchange to the appellant, "who
is now and has been the owner of the draft or bill of ex-
change sued upon in this action ever since the time of said
indorsement."   A copy of said draft or bill of exchange,
with the acceptance of the appellee written upon the face
thereof and the indorsement of the Puritan Manufacturing
Company to the appellant on the back thereof, was exhibited
with the complaint, as follows:

"Puritan Manufacturing Company.          No. . . . . . . . .
                    Iowa City, Iowa, April 15, 1904.
Twelve months after date pay to Puritan Manufactur-
ing Company, or order, $95.  Value received and charge
to account of
                    Puritan Manufacturing Company.
                                        per M."

"To L. G. Kramer,
Michigan City, Indiana.
                    Customer's Acceptance.
                            Accepted, L. G. Kramer.
                                Customer's signature."
"Pay Johnson County Savings Bank, Iowa City, Iowa.
                    Puritan Manufacturing Company."
"Pay any bank or banker or order.
    Johnson County Savings Bank, Iowa City, Iowa.
                            William A. Fry, cashier."

The complaint further showed that when the draft or
bill of exchange in question became due and payable it was
          presented to the appellee for payment through the
1.   First National Bank of Michigan City, Indiana, and
          payment was refused by the appellee.   The com-
plaint sets forth certain alleged statutes of Iowa, contains
averments concerning the same, and alleges that the instru-
ment sued upon is long past due and wholly unpaid.   The
appellee answered in three paragraphs—a general denial
and two affirmative paragraphs.   A demurrer to the second
and third paragraphs of answer was overruled.   This de-
murrer, so far as it is material, was as follows:   "Now
comes the plaintiff in the above-entitled cause and demurs
separately and severally to the second and third paragraphs
of defendant's answer, on the following ground:   That
neither of said paragraphs states facts sufficient," etc.   The
order-book entry, showing the court's action and the appel-
lant's exception, is as follows:   "Which demurrer is by
the court overruled, to which ruling of the court said plain-
tiff by counsel excepts."   It is assigned here that "the court
erred in overruling the demurrer to the second and third
paragraphs of the defendant's answer to the amended com-

plaint." It is contended that no question is presented by this assignment.

The demurrer is addressed to the paragraphs of answer separately and severally. The record shows that the court overruled the demurrer without referring to the separate paragraphs, and that the exception of the appellant to this action of the court was likewise general. The assignment of error is not addressed to the action of the court with reference to the paragraphs separately, but is addressed generally to the overruling of the demurrer. Certain cases cited by the appellee have been overruled, and it is said that such a general exception to such a general ruling upon a demurrer addressed to the paragraphs of a pleading separately is a sufficient exception as to such ruling upon each of the paragraphs separately considered. *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524; *City of Decatur* v. *McKean* (1906), 167 Ind. 249; *Bessler* v. *Laughlin* (1907), 168 Ind. 38; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S.) 418. While the ruling upon the several paragraphs might have been assigned separately in this court, yet under the recognized practice the assignment made in this case is allowable, though it will be necessary for the upholding of that assignment to determine that both paragraphs embraced in the demurrer were insufficient. *Black* v. *Thompson* (1894), 136 Ind. 611; *Moore* v. *Morris* (1895), 142 Ind. 354; *Ketcham* v. *Barbour* (1885), 102 Ind. 576; *Saunders* v. *Montgomery* (1895), 143 Ind. 185.

In the second paragraph of answer it was alleged, in substance, that the draft sued on was accepted by the appellee at Michigan City, Indiana; that it was drawn for the payment of certain goods sold by the Puritan Manufacturing Company to the appellee under a written contract, exhibited with the answer; that certain representations were made as to said goods; that appellee purchased the same relying upon such representations; that the goods

were not as represented; that if said goods had been as represented they would have been of the value of $380; that they were not worth more than $200; ·that appellee had paid said manufacturing company $270 for said goods; that as soon as he learned of the inferior quality of the goods he notified said company that he would return the same to it, which return was refused and forbidden by said company; that he has at all times been ready and willing to· deliver said goods to said company, etc.; that the draft sued on by the assignee of that company was for the amount claimed to be due from appellee for said goods over and above the $270 already paid.

In substance, the third paragraph of answer showed that the draft in suit was drawn against appellee by the Puritan Manufacturing Company, accepted at Michigan City, Indiana, and assigned to the appellant; that it represented a partial payment for goods purchased by appellee from that company under the written contract exhibited; that the amount to be paid for the goods was $380, and that the company at the time of the sale of the goods represented them to be merchantable, and as an inducement to the appellee to purchase them guaranteed that, if the retail sales of said goods in the appellee's store did not equal the purchase price of $380 by the expiration of twelve and one-half months from the date of the invoice, said company would buy back for cash at the original invoice price all of said jewelry then remaining in appellee's hands; that said sales in twelve and one-half months did not equal $380; that appellee performed all of his part of said contract; that said company failed and refused to comply with said contract on its part, and refused to buy back the goods as it had agreed to do, whereby appellee was damaged in the sum of $350; that said goods remaining in his hands at the invoice price amounted to $353, which appellee had at all times been willing to deliver to said company upon the pay-

ment to him of the invoice price, etc., and demanding that his damages—$350—be set off against appellant's claim.

The writing in suit is to be regarded not as a promissory note but as a foreign bill of exchange. Appellee's contract of acceptance of the bill was made in this State and is governed by the laws of this State. *Burnheïsel* v. *Field* (1861), 17 Ind. 609; *Payne* v. *Albany, etc., Bank* (1891), 3 Ind. App. 214; *Nicely* v. *Commercial Bank, etc.* (1896), 15 Ind. App. 563, 569, 57 Am. St. 245; 1 Daniel, Negotiable Inst. (4th ed.), §§7, 27, 867.

In *Spurgin* v. *McPheeters* (1873), 42 Ind. 527, it was held that, in a suit by the payee against the acceptor of a bill of, exchange, the latter could not avail himself of a want of failure of consideration as between him and the drawer (a third person) or of a set-off in favor of such defendant against such drawer.

In *Hinkley* v. *Fourth Nat. Bank, etc.* (1881), 77 Ind. 475, it was held that the element of fraud being absent, in an action by an indorsee of a bill of exchange against the acceptor, the acceptor cannot defend by merely showing that he received no consideration, but the acceptor must also show that there was no consideration between the indorsee who sues and his indorser. See, also, *Harger* v. *Worrall* (1877), 69 N. Y. 370, 25 Am. Rep. 206; *Galvin* v. *Meridian Nat. Bank, etc.* (1891), 129 Ind. 439; *Heuertematte* v. *Morris* (1885), 101 N. Y. 63, 4 N. E. 1, 54 Am. Rep. 657; *Hoffman* v. *Bank of Milwaukee* (1870), 12 Wall. 181, 20 L. Ed. 366.

In *First Nat. Bank, etc.,* v. *Ruhl* (1890), 122 Ind. 279, which was an action upon commercial paper by a holder through indorsement, it was held that an answer pleading want of consideration was bad because it did not show that the plaintiff was not a purchaser for value and in good faith.

Whatever might be said of answers setting up the matters stated in the second and third paragraphs, if the action was

one brought by the payee and drawer of the bill against the acceptor, they cannot be said to present any defense to the action against the acceptor brought by the indorsee, not in any manner connected with or affected by such matters.

Judgment reversed, with instructions to sustain appellant's demurrer to the second and third paragraphs of answer.