## Johnson County Savings Bank v. Capito et al.

[No. 7,160. Filed April 18, 1911.]

1. BILLS AND NOTES.—*Drafts.—Acceptances.—Negotiability.—Defenses.*—Accepted drafts constitute negotiable paper; and if the purchaser thereof is a *bona fide* holder, he takes them free from all equitable defenses. p. 463.

2. BILLS AND NOTES.—*Bona Fide Holders.—Burden of Proof.—Presumptions.*—The possession and production of negotiable accepted drafts raises the presumption that they were purchased in good faith, for a valuable consideration, in the usual course of business and without notice of any defense. p. 463.

3. BILLS AND NOTES.—*Indorsees.—Bona Fide Holders.—Burden of Proof.*—The burden of proving that an indorsee of negotiable paper is not a *bona fide* holder is on the defendant, except where the paper is shown to be tainted with fraud or illegality. p. 464.

4. BILLS AND NOTES.—*Bona Fide Holder.—Instructions.—Evidence.*—Evidence that the acceptors of drafts had but twenty-five dollars' worth of property when the drafts were accepted does not justify the giving of an instruction submitting to the jury the question whether the plaintiff indorsee was a *bona fide* holder of such drafts. p. 464.

5. BILLS AND NOTES.—*Indorsees.—Good-Faith Holders.—Burden of Proof.—Instructions.*—An instruction in an action by an indorsee of accepted drafts, that if the jury were not satisfied that the drafts were indorsed to the plaintiff in good faith and for value, the verdict should be for defendants, is incorrect, the burden of proving that plaintiff is not a *bona fide* holder being upon defendants. p. 466.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by the Johnson County Savings Bank against Louise Capito and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*George H. Hester,* for appellant.

*C. L. & H. E. Jewett,* for appellees.

LAIRY, P. J.—This was an action by appellant to recover on four accepted drafts, dated August 13, 1906. The drafts were each for $30.80, and were drawn by the Providence Jewelry Company, and accepted by the Capitol Millinery Company, which was the firm name under which appellees were doing business as partners. These acceptances were indorsed before maturity by the Providence Jewelry Company to O. H. Brainerd, and by O. H. Brainerd to appellant.

The complaint was in four paragraphs, each paragraph being based upon one of the separate drafts described. The defendants answered in three paragraphs. The first paragraph alleged that plaintiff was not the real party in interest, and that the real owner of the acceptances sued on was the Providence Jewelry Company. The second paragraph of answer averred, in substance, that the bills of exchange sued on were accepted by defendants as evidence of the receipt of certain jewelry sold and delivered by the Providence Jewelry Company to defendants upon a certain provisional contract, by the terms of which said jewelry company sold to said defendants certain articles of jewelry, which said defendants were to endeavor to sell at retail; that it was agreed, at the time said contract of sale was made and said acceptances executed, that said defendants should be liable on said acceptances only for the amount of jewelry actually sold by them prior to the maturity of the first acceptance, and that in case said jewelry did not sell to an amount sufficient to pay said first bill of exchange at its maturity, defendants might return the unsold portion of said jewelry,

Johnson County Sav. Bank *v.* Capito—47 Ind. App. 461.

and pay for the portion sold in full settlement of said bills of exchange. It is further averred that the sale of said jewelry made by the defendants prior to the maturity of the first draft amounted to only $11.10, and that no more of said jewelry could be sold prior to said time; that, in pursuance of said agreement, defendants sent to said Providence Jewelry Company $11.10 in cash, and returned to them the portion of said jewelry remaining unsold, which jewelry is still retained by said Providence Jewelry Company. The answer further avers that the indorsement of said bills of exchange by the Providence Jewelry Company to plaintiff was made solely for the purpose of enabling plaintiff to collect said bills of exchange as agent of the Providence Jewelry Company, and that plaintiff, at the time of the indorsement of said bills of exchange to it, had full knowledge of all the conditions under which said drafts were accepted, and took them subject to all of said conditions. The third paragraph was an answer of payment.

There was a reply in general denial to each of these paragraphs of answer, and the issues of fact thus formed were submitted to a jury for trial, which returned a verdict in favor of defendants. Appellant's motion for a new trial was overruled, and it appeals, and assigns this ruling as a cause for reversal.

1. The acceptances sued on were commercial paper governed by the law merchant, and if appellant was a *bona fide* holder, it held them freed from all equitable defenses which the acceptor might have against the maker. *Johnson County Sav. Bank* v. *Kramer* (1908), 42 Ind. App. 548.

2. The possession and production of negotiable paper by an indorsee thereof raises the presumption that it was purchased in good faith, for a valuable consideration, in the usual course of business, and without notice of any defenses. *Tescher* v. *Merea* (1889), 118 Ind. 586.

The burden of proving that the indorsee of commercial paper is not a *bona fide* holder is on the defendant, except in cases where the instrument is shown to be tainted with fraud or illegality. *Galvin* v. *Meridian Nat. Bank* (1891), 129 Ind. 439.

Appellant insists that a new trial should have been granted on account of the error of the court in admitting certain evidence and giving certain instructions. On cross-examination Olivia Glore was asked this question: "What did your capital stock consist of at the time these drafts were signed?" Over the objections of appellant, said witness was permitted to answer, and did answer as follows: "We had only about twenty-five dollars' worth of millinery stock on hand."

At the request of defendants, the court gave two instructions to the jury, the second of which was as follows: "It is not necessary that defendants should prove that the indorsement of the bills of exchange sued on by the Providence Jewelry Company to plaintiff, the Johnson County Savings Bank, was made solely for the purpose of enabling the bank to collect said bills of exchange as the agent of the Providence Jewelry Company, or to prove by direct evidence that the Providence Jewelry Company is the real party in interest in this action. You have a right to take into consideration all the facts and circumstances of the transaction in the case, and in that connection you may consider the condition in life of defendants, the fact as to whether they were persons of property, whether said bills of exchange were collectible and valid, whether defendants were known to the plaintiff, or had any commercial rating or standing, and if, upon all the circumstances of the case, you are not satisfied that the bills of exchange were indorsed to plaintiff, the Johnson County Savings Bank, in good faith and for value received, your verdict should be for defendants." We have carefully examined the evidence in this case, and find that there was no evidence introduced tending to show that appellant was not a *bona fide* holder of the

acceptances sued on, or that it was not the real party in interest, except the testimony of Olivia Glore as to the amount of stock owned by the Capitol Millinery Company at the time the drafts were accepted. This evidence did not justify the giving of the instruction heretofore quoted. By the giving of this instruction, the jury was authorized to infer either that appellant was not a *bona fide* holder of the bills of exchange, or that it was not the real party in interest, from the proved fact that the stock of goods, owned by defendants at the time they accepted the bills of exchange, was not worth more than $25. It is true that a jury or court may and should consider a fact as proved, when such fact can rightly and reasonably be inferred from other facts proved in the case, but the application of this rule will not justify the inference authorized by this instruction. Proof that the acceptor of a bill of exchange was not financially responsible at the date of such acceptance is not, of itself, sufficient to warrant the inference that a person to whom such bill has been indorsed before maturity is not a *bona fide* holder, or that he is not the real party in interest. The presumption is that the party in possession of commercial paper is a *bona fide* holder, and the fact that the person primarily liable for its payment is financially weak or irresponsible cannot be held to overcome the presumption, when this fact is not connected with other circumstances of a suspicious character. *Hallock* v. *Young* (1904), 72 N. H. 416, 57 Atl. 236.

In the case of *Tescher* v. *Merea, supra,* the court said: "It is undoubtedly true that the conclusion may be deduced that a purchaser had notice when there is such a combination of circumstances shown as to create a distinct legal presumption that he was acting collusively and in bad faith, and that he must have known the facts without inquiring. The circumstances which will justify such an inference must, however, be pointed and emphatic, and must lead di-

rectly and irresistibly to the conclusion that the purchaser had notice, before the presumption that he purchased the note in good faith can be overthrown. Circumstances calculated to awaken suspicion merely are not sufficient."

The second instruction is subject to criticism in another particular. After stating that certain facts and circumstances were proper for the consideration of the jury upon the question of the good faith of the transfer of the bills of exchange in question, the instruction concludes as follows: "And if, upon all the circumstances of the case, you are not satisfied that the bills of exchange were indorsed to plaintiff, Johnson County Savings Bank, in good faith and for value received, your verdict should be for defendants." This was an erroneous statement as to the burden of proof. By this the jurors were told that they should find for the defendants, unless they were convinced by the facts and circumstances that appellant was a purchaser in good faith and for value of the drafts sued on, whereas under the law, it was their duty to find for plaintiff, unless they were convinced, by a fair preponderance of the evidence, that it was not a *bona fide* holder of the drafts, or that it held them for collection, and that the Providence Jewelry Company was the real party in interest.

For error in giving instruction two, the judgment is reversed, with direction to grant a new trial.