CITIZENS TRUST COMPANY OF UTICA, NEW YORK, Respondent, *v.* R. PRESCOTT & SON, INC., Appellant, Impleaded with WILLIAM MAYNARD LEVY and Another, Defendants.*

Fourth Department, June 29, 1928.

* Affg. 131 Misc. 884.

*Pierce & Holcombe* [*Thomas E. O'Brien, Thomas F. Conway, M. William Bray* and *William F. Pritchard* of counsel], for the appellant.

*Dunmore, Ferris & Dewey* [*W. Chase Young* and *Henry T. Dorrance* of counsel], for the respondent.

PER CURIAM. The judgment below should be affirmed, with costs. Our reasons are, briefly, as follows:

1. The evidence is sufficient to warrant a finding that as between R. Prescott & Son, Inc., on the one hand, and Levy and Guibord on the other, there was an understanding that the latter were to be considered as indorsers prior to the former. The evidence is not sufficient to show that the relation between them was that of principal and surety within the law of suretyship, nor that Levy and Guibord were primarily liable within the meaning of section 3 of the Negotiable Instruments Law. Therefore, even though plaintiff knew of the understanding between those parties to the paper, it was under no duty to do anything toward collection except to fix the liability of indorsers by demand, protest and notice.

2. But we must assume that plaintiff did not know of that understanding. Presumptively it was a holder in due course. No defect of title was shown. The infirmity was merely an understanding between the indorsers as to the order of their liability. Proof of that infirmity did not cast upon plaintiff the burden of showing a purchase in good faith. It could rest upon the presumption. The burden was on defendant to show a purchase in

bad faith. (*Harger* v. *Worrall*, 69 N. Y. 370; *Title Guarantee & Trust Co.* v. *Pam*, 232 id. 441, 452.)

3. The defendant failed to meet that burden. (*Title Guarantee & Trust Co.* v. *Pam*, 232 N. Y. 441, 453.) Nor did the disposition of the proceeds of the discount, made by Ferris pursuant to express agreement by defendant, put the plaintiff upon inquiry.

The second defense fails for the reasons above stated.

4. The alleged discharge for failure to give Guibord notice of protest was not pleaded. Neither was it proved. Nor, so far as defendant is concerned, since on the face of the paper it had no recourse to Guibord, would plaintiff have been negligent, even though it had failed to give notice. Furthermore, defendant, to whom notice was given and who knew of its right of recourse to Guibord, could itself have given him notice (Neg. Inst. Law, § 178), but failed to do so. Similarly the alleged discharge by reason of plaintiff's connection with the Thermiodyne creditors' agreement was not pleaded nor, so far as we can discover, is there any substantial proof that the agreement became operative. Some of the evidence offered and rejected might have disclosed the facts. It is apparent that neither the court nor counsel for plaintiff understood that any such issues as these were being tried; nor is there any reason why they should have so understood. Under the circumstances no decision can or ought to be made on scattered and unexplained fragments of evidence; nor can error be predicated on evidential rulings where the material offered had no apparent connection with any issue pleaded.

5. The decision on the third defense may be sustained upon the ground that, under the circumstances disclosed by the evidence, there can be no subrogation *pro tanto*. Furthermore, we think the issue here could not be decided otherwise in the absence of Guibord as a party. When the Special Term held that this defense as pleaded was sufficient on its face, and when this court subsequently in connection with the motion then before it said that such was the law of the case, they were dealing with a question of pleading, not with a question of jurisdiction over persons. It was to be assumed that the necessary parties would be before the court when the issues arising under the defense should be brought to trial. That was a matter for defendant, which was asking the relief, to look after.

6. The defense of payment was one of fact determined by the jury upon disputed evidence and under a charge to which we think no valid exception was taken. Nor do we find any error in the disposition made by the trial court of the partial defense nor in the rulings on evidence relating to the pleaded issues.

The judgment should be affirmed, with costs. Certain findings of fact reversed and new findings made.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment affirmed, with costs. Certain findings of fact disapproved and reversed and new findings made.